COPIAH HARDWARE CO. *v.* JOHNSON.

[86 South. 369, No. 21204.]

1. LANDLORD AND TENANT. *Covenant providing for renewal at lessee's option confers right to but one renewal.*

   A covenant in a lease providing for its renewal at the option of the lessee will not be construed so as to give the lessee the right to more than one renewal unless the intention of the grantor so to do is clear and unequivocal.

2. LANDLORD AND TENANT. *Covenant for renewal held a grant of right of continual renewals.*

   The covenant in a lease providing that the lessees may renew for one year at a time as long as they may desire to do so is a grant of the right to renew for as many times as the lessees may desire.

3. CONTRACTS.  *Intent must be collected from entire instrument.*
   The intention of the parties to a contract must be collected from
   · the whole instrument, and every word therein must be given
   effect, if possible, and made to operate according to the intention
   of the parties.

APPEAL from chancery court of Copiah county.

LAMAR F. EASTERLING, Chancellor.

Suit by Mrs. Serena Johnson against the Copiah Hardware Company. From a decree overruling a demurrer to the bill, defendant appeals. Reversed and remanded.

*Wilson & Henley,* for appellant.

The only proposition discussed by appellee is that the phrase "before or after November 1, 1918" in the renewal covenant of the lease contract is ambiguous, and renders this covenant so uncertain as to be void and unenforcible.

While appellee admits that this renewal covenant would be good for an extension of this lease for one similar term she contends that it was not sufficiently definite for more than one extension.

While we do not think that this phrase is by any means uncertain or indefinite, yet, if it were an absolute nullity, it would not render the lease or the covenant to renew void. It merely designates the times at which the right of the lessor to remove or extend this contract may be exercised. If there were absolutely no provision whatever in this contract in regard to the date, or dates, on which the rights provided for might be exercised, the contract would still be valid and enforcible. Our own court has decided that when no time is mentioned or designated in a lease at which the right to renew is exercisable, the law implies the right of a lessor to renew at any time prior to the termination of the preceding lease. See *Samuel H. McClintock* v. *Edna Joiner,* 77 Miss. 678.

In that case there was no provision in the contract fixing the time at which the lessor should exercise the privilege of renewal, and in the absence of such covenant, the

123 Miss.—40

court held that unless the right of a tenant to renew a lease is limited by the contract, or terminated by the parties, it might be exercised at any time before the expiration of the preceding term. We say, therefore, this authority is conclusive on the issue raised by counsel for appellee.

We may strike from the contract the entire phrase "before or after November 1, 1918," and still we have a contract that may be renewed for one year at a time, so long as the lessor or his assignee may desire to exercise the privilege. See also the case of *Hughes* v. *Minnepfering*, 37 N. E. 432, which supports the rule laid down in the case above referred to.

We maintain that the clause referred to is not indefinite or ambiguous. The original lease was for one year, beginning November 1, 1917. Any renewal of the lease must have been for one year from November 1st; in other words, each renewal must have followed the other in succession, each beginning on November 1st, and each year the day before November 1st. Counsel properly concludes that the phrase "before or after November 1, 1918, refers to the date on which the notice of renewal, or the right of renewal should be exercised. Notice of the first renewal must necessarily have been before November 1, 1918, and notice of any subsequent renewal could have been after November 1, 1918. This clause does not mean that the notice of all renewals must be given after November 1, 1918, to be a renewal of the contract, each period must follow the other in continuous succession.

The very language used in the clause objected to shows clearly that it was the intention of the parties that there should be more than one renewal. If the parties themselves had intended their should be only one renewal, then the insertion of the word "after" would not have been made, because it could not be presumed that the parties would have limited the time of giving notice of only one, or the first renewal to a date following the expiration of the contract itself.

If the word "after" interlined with pen in this contract means anything and it is certainly significant, as it was evidently placed in the contract after it had been type-written, to make it conform to the agreement and intent of the parties, it means that the number of times that this lease may be extended is not limited to one extension. If only one extension was intended to be provided for, this word would have been absolutely unnecessary, as the first extension must have been decided upon prior to November 1, 1918, and could not have been after that date. The only proposition insisted upon by counsel for appellee was that the phrase "before or after November 1, 1918" rendered this contract so indefinite and uncertain as to make the covenant to extend the lease good for only one extension.

There are two perfect answers to this proposition. First that if this clause had been omitted entirely from the contract it would be sufficiently certain to be valid and enforcible for the number of extensions provided for; second, that this phrase does not render the contract indefinite or uncertain but makes it absolutely certain that it was the intention of the parties to the contract to provide for more than one extension.

*Fulton Thompson* and *R. H. & J. H. Thompson,* for appellee.

There being no controversy in this case touching the lease contract, except the interpretation of its renewal clause, we content ourselves by quoting that clause only. It is in these words: "With the privilege and right of the parties of the second part or their assigns to renew the lease for one year at a time before or after November 1, 1918, as long as they may desire to do so at the same rental as aforesaid and on the same terms and conditions embraced in this lease."

It will be seen from the language of the lease above quoted that the only right granted to the tenant, pertinent

to our enquiry, is "the privilege and right to renew the lease for one year." The words "at a time before or after November 1, 1918," do not enlarge the one right of renewal granted. In fact the words last quoted, mean, if they mean anything, at any time. Nor do the words "so long as they 'the tenants' may desire to do so" add anything to the one right granted; they mean nothing more than at the option of the tenants.

Reconstruct the renewal clause by inserting the meaning of said terms for the terms themselves and the clause will read thus: With the privilege and right of the parties of the second part (the tenants) or their assigns to renew the lease for one year at any time at option of tenants at the same rental and on the same terms and considerations embodied in this lease. This is the true meaning of the clause of the lease upon the construction of which this case is to be determined. It does not give the tenants a right to more than one renewal, or the right to occupy the premises, after the term expressly granted, for more than one year.

The amended bill shows that the lease was renewed for a term beginning November 1, 1918, and ending November 1, 1919. The only renewal to which the tenants were entitled. It is shown that on October 26, 1918, the Copiah Hardware Company, assignee of the original tenants, notified Mrs. Johnson by letter that the company desired to and did renew the lease for one year, from November 1, 1918, to November 1, 1919. The additional words with which the notice concluded, "and as much longer thereafter, as we may choose according to the terms of the contract," did not and could not enlarge the tenant's rights.

It is well settled as announced by the supreme court of the United States; that a lease containing a covenant to renew at its expiration with similar terms and conditons contained in the original lease is fully carried out by one renewal unless it contains other covenants to renew. *Winslow* v. *Baltimore, etc., R. Co.*, 188 U. S. 646; Taylor's Landlord and Tenant, 333. Taylor says: "Nor will a general

covenant for renewal be construed to imply a perpetual renewal, unless the words are expressly to that effect; the most a lessor is bound to give on such a covenant is a renewal for one term only.   Covenants for continued renewals are not favored, since they tend to create a perpetuity, etc.," and again 334: "A covenant which does not plainly imply or express a perpetual renewal will not be construed to give this right, etc."

It may be, because of the time for renewing being both before or after a designated date, had the tenant surrendered the premises at the end of the first year, that he would have had the right thereafter, in the absence of any previous renewal, to have the lease renewed for some other year; but having renewed once, for a term from November 1, 1918, to November 1, 1919, it is unnecessary to consider the proposition.

It is admitted that the word before is pen written in the typewritten clause of the original lease in these words, "at a time before or after November 1, 1918." Does not this show that there was an unintentional failure to strike out the word "after?" This, however, if we be correct, is of no consequence, and yet we cannot resist a conviction as to the truth of an affirmative answer to the question. Of course if we be correct, the decree of the court below will be affirmed, this being a suit to remove clouds from a title, and the contention of appellant being that it has a perpetual right to renew, the claim is a cloud upon Mrs. Johnson's title to the storehouse and the lot upon which it stands.

Other counsel have so ably argued appellee's case in their brief that we content ourselves with the foregoing observation.

*M. S. McNeil, J. N. Flowers* and *E. B. Cooper,* for appellee.

The bill of complaint alleges that the appellant is now claiming a right to lease from year to year so long as it

may desire to do so. There is a prayer for a construction of the contract and a prayer for general relief. The demurrer questions the equity of the bill and asserts the validity of the lease.

It will be observed that this case hinges upon the renewal contract, its effect and operation. The rights under the lease proper are not questioned. The appellant claims that under the terms of the lease it has the right so long as it may choose to a renewal of the lease from year to year upon the same terms and conditions. It has in other words a perpetual right because a right to renew is a right that is not personal but runs with the land. This right would create an estate in the nature of a perpetuity, if not a perpetuity itself. For this reason it is incumbent upon the court to construe, where such construction is possible and reasonably deducible from the tenor of the instrument, such a covenant so as not to create a perpetuity.

Citation of authority to the effect that courts lean very strongly against a construction of a deed, lease or other conveyance so as to give a perpetual right is useless. But the operation of this principle is fairly illustrated in the case of *Winslow* v. *B. & O. R. R. Co.,* 47 L. Ed. 635, 188 U. S. 646.

If the covenant in the instant case is given the construction contended for by appellant, the result will be a perpetuity. Their contention is that this right to renew exists so long as they may see fit to exercise it. It is exhibited in their notice to the appellee and is found in the excerpt copied in this brief. Unless, therefore, the grant of this right is certain, unambiguous and in plain language this construction will not be allowed in the courts.

Our contention in brief is that what is meant by the renewal clause is that notice of the period during which they desire to exercise the right to renew must be given before or after November 1, 1918, and having given the notice that they desire it for one year that their rights were exhausted and they cannot, as they contend, renew from year to year at their pleasure and as they choose. Where

is there any authority in the lease that they are to give notice to appellee on or before November 1st, annually of their desire to renew.   None can be found.   If such had been the desire of the parties, it could have been easily said on or before November 1st, annually.   It was so described in the letter giving notice of renewal.   What effect is to be given the words "before or after November 1, 1918," found in the renewal privilege clause?   They were evidently placed in the lease for some purpose.   There can be no other purpose framed than that the period during which they would desire to renew for one year at a time would be fixed.   The insertion of "before" in the lease in longhand certainly shows that the words "before or after November 1, 1918," were significant.   If the word "before" had not been inserted, this clause could have been held that it referred to the period after the expiration of the lease.   In other words, the renewal, or the right to renew, after November 1, 1918, for one year at a time might exist.   But they change this and insert the word "before."   This removes from consideration any idea that the date refered to is simply the date on which the lease expires.   It evidently refers to the time when notice must be given.   But evidently it cannot be the date for the expression of the desire to renew for one year at a time.   Because it would be impossible to give notice in November, 1918, that the appellant desired the store for one year and in November, 1918, to give notice that they desired the store for an additional year after the expiration of the year gained from the first renewal.

The only method by which this clause can be harmonized and made to apply to the situation is to construe the clause to mean that before or after November 1, 1918, the appellant must give notice that it is its desire to avail itself of the right of the renewal for one year at a time for a specified period of years.

If this is not true, this portion of the lease is void because it has no meaning of any kind.   It is as bad as a

jumble of words. Counsel for the appellant has not suggested how the uncertainty may be removed. Counsel says that it is an extra precaution taken with a view to making certain the first renewal. But there can be found little basis for that. Counsel says that the insertion of the word "before," is significant because it is making certain this renewal.

But we submit that if before or after November 1, 1918, refers to the date on which notice of renewal for a year at a time is to be given that it is thoroughly impossible. We submit that if it is taken as the date marking the termination of the first lease it is impossible because of the presence of the word "before."

We submit that before this court will give effect to a renewal clause in a lease which gives to the lessee a perpetual right to renew that the words must be certain, plain and unambiguous, and such is not the case here. There is an impossibility in construing this contract or in harmonizing its terms.

Counsel for appellant in this brief admits that certainty must exist in clauses of the character in question. He says on page 4 of his brief the following: "It is true the number of renewals must be expressed with a reasonable degree of certainty or the court will construe the parties to have intended only one renewal."

We ask counsel where there is any certainty in this renewal clause as to what the parties intended? Counsel has utterly failed to give a meaning to the clause and at the same time each portion of it, and it needs no authority to convince a court that a contract which is meaningless, or whose meaning is so doubtful as to be equivalent thereto is void.

So we submit that under any construction except that placed by appellant on the lease as shown by the notice, the rights of appellant are ended. And we submit that there can be no justification for an interpretation such as is therein adopted.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree overruling the demurrer to a bill of complaint by which the appellee seeks to cancel the claim of the appellant to certain real property as a cloud on her title. It appears from the bill that the appellee is the owner of the property in question and leased it to the appellant's grantors for one year by a contract containing a covenant as follows:

"With the privilege and right of the parties of the second part or their assigns to renew the lease for one year at a time before or after November 1, 1918, as long as they may desire to do so at the same rental as aforesaid and on the same terms and conditions embraced in this lease."

The lease has been renewed once under this covnant, and the appellant claims the right to continue the renewals as long as it may desire to do so.

We do not understand counsel for the appellee to contend that a covenant in a lease which provides that it may be renewed by the lessee as many times as he may desire is void, but that a renewal covenant in a lease will not be construed to grant the lessee the right to more than one renewal unless it clearly and expressly so provides.

That renewal covenants in a lease should be so construed is undoubtedly the law, but that can avail this appellee nothing, for the covenant of the lease here in question in clear and unambiguous language grants to the lessees the right to renew the lease as many times as they may desire to do so. Each renewal is to run for one year, and the right to renew annually is to continue "as long as they may desire to do so;" that is, throughout such an extent of time as they may desire to do so.

The contention of counsel for the appellee that the grant is for the right to renew for one year only, to be exercised at a time before or after November 1, 1918, might not be without merit if the covenant did not expressly provide that the right to renew should continue "as long as they (the lessees) may desire to do so." These words cannot be dis-

regarded, as counsel for the appellee contends, on the ground that they add nothing to the right of renewal, for the intention of the parties must be collected from the whole agreement, and every word therein must be given effect, if possible, and be made to operate according to the intention of the parties.

*Reversed and remanded.*