NICHOLS *et al. v.* DAY.

[91. South. 451. No. 22493.]

1. PERPETUITIES. *Rule has no application to vested interests.*
   The rule against perpetuities has no application to vested interests, but only to such interests as may not vest within the prescribed period of time.

2. PERPETUITIES. *Right of grantee in a deed conveying standing timber to remove it within 10 years and for a perpetual extension of time does not violate the rule.*
   The right given the grantee in a deed conveying standing timber with a limitation of ten years within which to remove it for a perpetual extension of the time in which to remove the timber does not violate the rule against perpetuities.

3 LOGS AND LOGGING. *Where husband conveyed land to his wife, and later the two conveyed the standing timber to a third party, held, that the latter could procure extension without husband's consent.*
   N. conveyed land to his wife in trust for herself and their children by deed providing that the wife "shall have all proceeds of said

land for their support," and "shall sell by the consent of N. any part or all of the above described land," etc. Afterwards N. and his wife conveyed the timber standing on the land to be removed by the grantee within ten years, but with a right in the grantee to a renewal of the time within which to remove the timber by the payment of a named consideration therefor. No further consent of N. was necessary in order for the grantee to avail himself of this right of extension, but he became entitled thereto on the payment to N.'s wife of the consideration therefor.

APPEAL from chancery court of Monroe county.

HON. A. J. McINTYRE, Chancellor.

Suit by C. C. Day against Bettie M. Nichols and others. From a decree overruling a demurrer to the original bill, the defendants appeal. Affirmed and remanded, with leave to appellants to answer within thirty days after filing of mandate in the court below.

*McFarland & Holmes,* for appellant.

Our contention is, First: That the original conveyance from A. N. Nichols and Bettie Nichols to Stinson & Mc-Cullough limited the time of cutting and removing said timber to ten years, and could not be extended after that time, as to do so would make the conveyance a perpetuity; Second: That if it could be extended, it could only be done by the consent of A. N. Nichols, as provided in the deed, and A. N. Nichols being dead, no one could agree to the extension for him, except all of the owners of the land; Third: That the original conveyance to Stinson & McCullough provided that an extension could be had upon payment of ten per cent. of the purchase price to the then owners of the land, who were appellants, except Mrs. Bettie Nichols who only had a life interest in the property and consequently had no title or interest in the timber, and as none of the appellants who owned the timber had been paid the ten per cent. renewal price, then the time for cutting and removing the timber could not be extended by Mrs. Nichols alone.

Section 2765, Mississippi Code of 1906 (Hemingway sec. 2269), is our statute against perpetuities, which is defined by Black's Law Dictionary to be "any limitation tending to take the subject-matter of it out of commerce for a longer period than a life or lives in being, and twenty-one years beyond;" this is the same as our statute and the same as the law 'announced in Chase's Blackstone, page 354, note 8. The case at bar presents as perfect a case of a perpetuity so far as it relates to the extension after the first ten-year period as can be imagined. It seems very clear to us that at the expiration of the ten-year period provided in the original conveyance, all rights ended and nothing could be done at all under the extension clause, it being entirely void. If we give this extension clause any effect it would be possible to extend the time of cutting and removing the timber to eternity; this cannot be the law. For cases very similar to the one at bar we refer the court to the following: *Starcher et al.* v. *Duty et al.*, 9 L. R. A. (N. S.) 913, & notes; *Mineral Land Co.* v. *Bishop Iron Co.*, L. R. A. 1917D, 904 & notes; *Barton* v. *Thaw,* Ann. Cas. 1916D, 570; *Kennedy* v. *Kennedy et al.*, Ann. Cas. 1914B, 549 & notes.

Appellee's rights to this timber expired at the end of the ten-year period, and then the timber reverted to the children of A. N. Nichols. *Clark* v. *Ingram-Day Lumber Co.*, 90 Miss. 479. The deed from A. N. Nichols to Mrs. Bettie Nichols and his children provided that the land, or any part of it, could be sold for the support of the children, provided A. N. Nichols consented to such sale; in other words, A. N. Nichols retained a veto power on the proposition of a sale of the property. This veto power was a personal one, and when A. N. Nichols died no one else could consent to an extension of the time of removal of the timber. 39 Cyc. 355.

If the original contract made by A. N. Nichols and Bettie Nichols was renewable, the time could only be extended by following the provision of that original conveyance; these provisions were that ten per cent. of the

original purchase price must be tendered to the then
owners of the land, who were the children of A. N. Nichols,
and not Mrs. Bettie Nichols.   Mrs. Bettie Nichols was not
even a tenant in common with the children of A. N.
Nichols, surely the court cannot hold that the agreement
of Mrs. Nichols is binding on the other appellants.   Ap-
pellee recognized the termination of the original convey-
ance by his act in attempting to take a new conveyance
from Mrs. Nichols, limiting his extension rights to five
years; he knew that he had no rights under the old con-
veyance after the ten years were up, and attempted to get
a new agreement against the children of A. N. Nichols, be-
cause they have never signed it and he is estopped from
claiming under the old conveyance because he has admitted
its termination by his attempted renewal.   We respect-
fully submit the case should be reversed and the bill dis-
missed.

*Leftwich & Tubb,* for appellee.

This court has dealt with cases of this sort repeatedly
and has upheld conveyances of timber even though there
be no time limitation within which the same might be
removed and in such cases the owner of the timber which is
a part of the realty cannot be forced to remove the timber
nor will a suit for partition lie in a court of equity.  *E. W.
Gates Lumber Co.* v. *Britton,* 105 Miss. 592; *Forest
Product Mfg. Co.* v. *Buckley,* 107 Miss. 897; *Butterfield
Lumber Co.* v. *Guy,* 92 Miss. 361.

Is the Conveyance of the Timber by the Deed of May 30,
1907, Condemned by the Doctrine of Perpetuity?   About
the only legal phase of this case presented by counsel for
appellants is their contention that because Mr. and Mrs.
Nichols, when they conveyed this timber in 1907, and by
including in the deed of conveyance a provision whereby
the time limit within which the timber should be removed
from the land could be renewed annually by the grantee,
upon his paying a penalty of two hundred and thirty dol-

lars created a perpetuity and was therefore condemned. The decision to which they refer is, as we submit, wholly inapplicable here. This conveyance was not an option granted to the original vendees to buy or not buy the timber in question, with the privilege of annual extensions of that option. It was an outright sale of the timber; it is a part of the land, with the included provision that the purchaser should have a period of ten years within which to cut and remove the timber and that if he did not cut and remove it within the ten years' period, this right of renewal could be extended by him, provided he should pay annually two hundred and thirty dollars for each annual renewal or extension of time. This is the contract that these parties made when they sold this timber.

Manifestly under our decisions, repeated decisions of this court, Mr. and Mrs. Nichols could have sold this timber without any limitation of time within which it could be cut from the land and if no limitation of time whatever had been mentioned in the deed, then the purchaser of the timber would have become the owner of the timber in fee with right to enter upon the land and sever the timber therefrom without any limitation of time whatever, as was held in the *Butterfield case, supra,* and in the *Gates Lumber Company* and the *Forest Product Mfg. Company cases,* as well as other cases decided by this court. Most assuredly, if such a conveyance had been made at that time, it would have been a valid conveyance and certainly there is no suspension of the power to convey in this particular case. In fact, there is here no suspension of power of sale. It was a sale in fact under the condition set out in the conveyance. They are not unreasonable; they work no hardships upon the parties interested. The conveyance in question simply means that if the vendee did not remove this timber within the period of ten years, then for each and every year thereafter he should pay a penalty of ten per cent. of the original purchase price of two hundred and thirty dollars and thereby secure annual renewals or

extensions of his right to remove. *Butterfield* v. *Guy,* 92 Miss. 361.

Judge MAYES in the Butterfield case, at page 376, also uses this language: "By warranty deed he has sold this timber, received money for it, and now seeks to breach his own warranty by a proceeding in an equity court to cancel his deed, and declares that his vendee did not get what he warranted him he would convey. There is no justice nor equity in the contention."

So, in this case, the purchaser of this timber obtained from the grantors a warranty deed conveying it, and as a part of the consideration, a provision was inserted in the deed providing for an extension of the time within which to remove the timber. That is just as much a part of the conveyance as the timber itself, yet notwithstanding this warranty deed conveying this timber and these valuable rights secured thereby these appellants come into this court of equity and conscience with a demurrer that they ought not to be required to live up to the solemn and binding covenants contained in this contracts of conveyance.

The court below very properly and readily overruled the demurrer. We submit that this court should likewise sustain the findings of the court below and that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal to settle the principles of the case from a decree overruling a demurrer to an original bill. The bill alleges, in substance:

That A. H. Nichols executed in September, 1899, a deed to certain described land to the appellees, his wife and children, one of the provisions of which is that "said Mrs. Bettie Nichols shall hold in trust for herself and other heirs named as parties of the second part the above-described land, and shall pay out of the rent or proceeds of said land the following notes when due, namely: One note due Miss M. K. Walker for two hundred and eighteen dollars;

one note due Mrs. Bettie Nichols for one hundred dollars. After the notes are paid the said Mrs. Bettie Nichols shall have all proceeds of said land for the support of herself and all the parties herein named, and at her death shall be equally divided amongst the six children of said A. N. Nichols. Furthermore, the said Mrs. Bettie Nichols shall sell by the consent of A. N. Nichols any part or all of the above-described land for the support of the children of said A. N. Nichols." That in May, 1907, A. N. Nichols and his wife, Bettie, executed a deed to Stinson & McCullough, conveying to them all of the timber of certain dimensions on the land described in the deed from Nichols to his wife and children "for a term of ten years in which to remove in the event the same has not been removed by paying a penalty of ten per cent. per annum for each renewal." That A. N. Nichols is now dead. That the appellee is the owner by mesne conveyances from Stinson & McCullough of all the right and title to the timber conveyed in the deed to them from A. N. and Bettie Nichols. That the ten years granted in which to remove the timber has expired, but "that your complainant and those under whom he claims have from year to year on or before May 30th of each year since and including the year 1917 paid to the defendant Bettie Nichols the sum of two hundred and thirty dollars, which was by her accepted, for the purpose of continuing in force complainant's right to cut and remove said timber. That your complainant is now ready and willing to pay another annual renewal penalty of two hundred and thirty dollars to perfect and keep alive his right to cut and remove said timber within the period of twelve months beginning May 30, 1921."

The bill then alleges that a controversy has arisen, the exact nature of which is not clear, between the appellants and the appellee, and between Mrs. Bettie Nichols and the other appellants, and prays for a decree, the exact nature of which also is not clear. Counsel both for the appellants and the appellee construe the deed to the timber from the Nicholses to Stinson & McCullough to grant a per-

petual right to the grantees for an annual extension of the time to remove the timber after the expiration of the ten years therein provided for one year upon the payment by the grantees of ten per cent. of the purchase money of the timber for each annual extension, which construction will be accepted by us.

The grounds upon which the appellants seek to reverse the decree of the court below as set forth in the brief of their counsel, and to which this opinion will be limited, are:

First.   That the original conveyance from A. N. Nichols and Bettie Nichols to Stinson & McCullough limited the time of cutting and removing said timber to ten years, and could not be extended after that time, as to do so would make the conveyance a perpetuity.

Second.   That, if it could be extended, it could only be done by the consent of A. N. Nichols, as provided in the deed, and, A. N. Nichols being dead, no one could agree to the extension for him except all of the owners of the land.

Third.   That the original conveyance to Stinson & Mc-Cullough provided that an extension could be had upon payment of ten per cent. of the purchase price to the then owners of the land, who were appellants, except Mrs. Bettie Nichols, who only had a life interest in the property, and consequently had no title or interest in the timber, and, as none of the appellants who owned the timber had been paid the ten per cent. renewal price, then the time for cutting and removing the timber could not be extended by Mrs. Nichols alone.

1.   The rule against perpetuities, as stated in Gray's Rule against Perpetuities (3 Ed.), section 201, is as follows:

"No interest subject to a condition precedent is good, unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest," or "No interest is good unless it must vest,

if at all, not later than twenty-one years after some life in being at the creation of the interest."

As stated in 1 Tiffany on Real Property (2 Ed.), section 179, it is:

"Any limitation or provision the purpose or possible effect of which is to cause an estate to commence in the future is invalid if, as a result thereof, an estate may commence more than twenty-one years after a life or lives in being."

From these statements of the rule it will be seen, and the courts hold, that it has no application to vested interests, but only to such interests as may not vest within the prescribed period of time. Gray's Rule against Perpetuities (3 Ed.), section 205; 1 Tiffany on Real Property (2 Ed.), section 183.

The interest in the timber and the land on which it stands conveyed by the deed from the Nicholses to Stinson & McCullough, and which the appellants claim violates the rule against perpetuities, is the right to a perpetual renewal of the time in which to cut and remove the timber. This right, or the interest in the timber resulting therefrom, is not subject to any condition precedent, but is a part of the grantees' present interest in the timber, having vested in them at the time the conveyance was made, and has always been under their and their grantees' control, and that this vested right to an extension of time within which to remove the timber may be exercised after the expiration of the time fixed by the rule against perpetuities does not affect its validity. Gray's Rule against Perpetuities (3 Ed.), section 230; 1 Tiffany's Real Property (2 Ed.), section 183.

It was settled in *Butterfield Lumber Co.* v. *Guy*, 92 Miss. 361, 46 So. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540, that a conveyance of standing timber without a limitation on the time in which the timber must be removed is valid and vested in the grantee the right to burden the land on which the timber is situated with the timber forever, and to cut and remove the timber at any time, however re-

mote, that he may desire. The only difference in legal effect between the deed there and the one here in question is that in the former the grantee had the right to burden the land with the timber forever and to remove it at any time in the future that he might desire without paying the owner of the land any compensation other than the original purchase price of the timber, while in the latter the grantee must pay for that privilege a certain sum per annum after the expiration of ten years, and why the one should be valid and the other not is not apparent.

"An estate for years [which for all practical purposes the one here in question is] with a perpetual covenant for renewal is, so far as questions of remoteness are concerned, substantially a fee, and as such it is regarded." Gray's Rule against Perpetuities (3 Ed.), section 230; *Copiah Hardware Co.* v. *Johnson,* 123 Miss. 624, 86 So. 369.

The right to the perpetual renewal of the time in which to remove the timber does not violate the rule against perpetuities.

2. The consent of A. N. Nichols to the extension of time for the removal of the timber was granted in the deed by which the timber was conveyed.

3. The deed from Nichols to the appellee provides that "Mrs. Bettie Nichols shall have all proceeds of said land," etc., and the money to be paid by the appellant for the extension of time in which to cut the timber is a part of the proceeds of the sale thereof; consequently it should be paid to Mrs. Nichols, and, when paid, will entitle the appellee to the extension.

Affirmed and remanded, with leave to the appellants to answer within thirty days after the filing of the mandate in the court below.

        *Affirmed and remanded.*