## Copiah Hardware Co. *v.* Johnson.[*]

(Division B.    May 12, 1924.)

[100 So. 31.    No. 24139.]

Landlord and Tenant. *Lessee who failed to renew lease before expiration of existing term held not entitled to notice to vacate.*

When a lease contract for one year stipulated "the party of the first part has this day rented and leased to the parties of the second part . . . for one year from November 1, 1917, at a monthly rental; etc., with the privilege and right of the parties of the second part or their assigns to renew this lease for one year at a time," etc., and the subsequent notices given the lessor of renewal fixed the beginning and ending of the lease, giving specified dates, and failed to renew the lease by giving notice for a renewal until after the expiration of the last lease, the lease expired at a fixed time, and notice to vacate was unnecessary under section 2380, Hemingway's Code (section 2882, Code of 1906), and the lessor had the right to remove the lessee under the provisions of section 2383, Hemingway's Code (section 2885, Code of 1906).

[*]Headnote 1.    Landlord and Tenant, 25 Cyc, p. 1426.

Appeal from circuit court of Copiah county.
Hon. E. J. Simmons, Judge.

Action by Mrs. Serena Johnson against the Copiah Hardware Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 123 Miss. 624, 86 So. 369.

*Wilson, Henley & Hendrick,* for appellant.

This suit was originally begun in the justice court of District No. One of Copiah county, Mississippi, as a proceedings by appellee landlord to oust appellant, her tenant, under the summary proceedings provided for by section 2383 of Hemingway's Code.

It will be noted that this is not a tenancy for one or more years, but is a lease for one year with periodic right to renew, and we submit to the court that such a tenancy is not included in the language of the statute, and this statute is no more applicable to such a lease than it would be to a life estate.

Notice to quit by landlord was a prerequisite and was not given. *Wilson* v. *Wood,* 84 Miss. 728.

We therefore submit, instead of the appellant being in default in respect to giving a notice that was not required of it by the contract, that the appellee is in default in not giving the notice to quit required of her under the statute and that, as Justice TRULY said, this is a prerequisite to recovering possession of the demised property.

We insist that summary proceedings to remove a tenant do not apply to periodic tenancies where the sole contention is that the tenant failed to give notice where none is required in the lease contract.

A similar statute in Kentucky has been held to have no application to such a case. *Klien* v. *Auto Parcel Delivery Co.* (1921), 234 S. W. 213.

*M. S. McNeil,* for appellee.

The only propositions submitted by counsel for appellant in their brief in this case are: First: They con-

tend that under the contract and facts in this case the
appellee held the store building in question from year to
year and was entitled to the statutory notice.   Second:
That the case is to be governed by the principles laid
down in *Crenshaw-Gary Lumber Company* v. *Norton,*
111 Miss. 720.

The first contract was for a definite fixed time from
the first day of November, 1917, to the first day of No-
vember, 1918.   The contract contemplated by the parties
for the future was a renewal of this contract *for one
year at a time,* to begin and terminate at a definite fixed
time.   Therefore, we insist that under the terms of the
statute when the appellant held over after the expiration
of the term and without any notice or any other affirma-
tive act on the part of the appellant to indicate a purpose
within the term designated by the contract, then the ap-
pellee had the right to treat the appellant as a trespasser
at her option.   In other words, the lease terminated at a
fixed time, and the statutory notice was not required un-
der the law.   The case cited by counsel of *Wilson* v. *Wood,*
84 Miss. 728, is not authority here.

The appellant's term having expired, it was a mere
licensee or trespasser after November 1st and could be
ejected without notice.  *Johns* v. *McDaniels,* 60 Miss. 487;
*Hallett* v. *Barnett,* 118 Pa. 972, 51 Colo. 434; *Stities* v.
*Wilson,* 165 Ill. App. 74; *Meyers* v. *Johnson,* 186 Ill. App.
37; *Kennedy* v. *City of New York,* 89 N. E. 360, 25 L. R. A.
(N. S.), 847, 196 N. Y. 19; *Bleistift v. Diener,* 129 N. Y. S.
73; *Stewart* v. *Briggs,* 132 N. Y. S. 89, 147 App. Div. 386;
*Whalen* v. *Manley,* 69 S. E. 843, 68. W. Va. 328; 24 Cyc.
1033; *Crawford* v. *Morris,* 5 Gratt. (Va.) 90; *Hunter* v.
*Frost,* 47 Minn. 1, 49 N. W. 327; *Cattley* v. *Arnold,* 1
Johns, & H. 651.

This case is governed by the principles laid down in
*McClintock* v. *Joyner,* 77 Miss. 681.

The case of *Crenshaw-Gary Lumber Company* v. *Nor-
ton,* 111 Miss. 720, is clearly distinguishable from the
case at bar.

It will be noted in the above case and under the renewal clause that the option of renewal was given at the expiration of the first term within which the lessee could exercise his option; and even if the court should hold that in the case at bar that the contract does not specify when notice of renewal should be given or exercised, the Joyner case recognizes the rule as requiring the option to be exercised within the term in cases where the time to exercise it is not specifically stated.

In addition to the foregoing authorities cited in this brief we would respectfully refer the court to the case of *Delia Gardella* v. *Michael Greenburg*, 26 A. L. R. 1411, and the extended note following this decision and also to the case of *F. B. Fontaine Company* v. *Moses Stein*, 27 A. L. R. 976, and the annotations thereunder.

*Wilson, Henley & Hendrick,* for appellant in reply.

This is something more than a lease for a year, or for a definite period of years; it is a periodic lease providing for a series of leases for a year. This being true it is not described by the statute. See Sec. 2383. 2 Tiffany on Landlord and Tenant, page 1723; SEABURY, J., in 114 N. Y. S. 772.

As our statute undertakes to enumerate the classes and kinds of leases and tenancies where the summary proceedings can be maintained and utterly fails to mention a periodic tenant we think that no action could be brought under this statute involving leases of the nature of the present lease which is certainly a periodic lease.

II. Appellee in default as to notice. Our supreme court in *Wood* v. *Wilson,* 84 Miss. 728, referred to the summary remedy as a drastic proceeding and held that as a prerequisite to maintaining such action a lessor must show that he had complied with the law requiring notice to terminate a tenancy. Our own court held that notice was necessary in case of leases "from year to year" in *Scruggs* v. *McGehee,* 110 Miss. 10.

A lease to continue as long as a certain royalty is paid vests in the lessee a tenancy from year to year and not a tenancy at will. *Heck* v. *Borda,* 6 Atl. 392. See also case of *Idalia Realty & Development Company* v. *Norman,* 34 L. R. A. (N. S.) 1069, to same effect.

*Crenshaw-Gary Lumber Co.* v. *Norton,* 111 Miss. 721, is the leading case on the question on whether or not notice is required where the terms of the contract do not expressly require it. Counsel misconstrues the *Crenshaw-Gary Lumber Co.* v. *Norton case.* We think the *Crenshaw-Gary Lumber Co.* v. *Norton case* holds that regardless of whether the covenant for further terms provide for renewals or extensions that in the event there is no new lease contemplated by the contract, then notice is not necessary. See a note on this subject which appears in 112 A. S. R., page 751.

Argued orally by *W. S. Henley* and *H. J. Wilson,* for appellant, and *M. S. McNeil,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

Mrs. Serena Johnson and Brittian & Henry entered into a lease contract for a two-story brick building situated in Hazlehurst, Miss., on the 22d day of September, 1917. Said contract read as follows:

"State of Mississippi, County of Copiah.

"This contract and lease made this the 22nd day of September, 1917, by and between Mrs. Serena Johnson, party of the first part, and Brittain & Henry, parties of the second part, witnesseth:

"That the party of the first part has this day rented and leased to the parties of the second part the two-story brick building owned by the party of the first part, and situated on the south side of Estelle street in the city of Hazlehurst, for one year from the 1st of November, 1917, at a monthly rental of forty ($40) dollars per month, with the privilege and right of the parties of the second part or their assigns to renew this lease for one year

at a time before or after November 1, 1918, as long as they may desire to do so, at the same rental as aforesaid and on the same terms and conditions embraced in this lease.

"It is understood and agreed that the party of the first part will repair the floor of the said building and put it in good condition at once and also put good substantial window shutters to all the back windows of said building and take out fire place and mantel now in said building and fix the rear doors in a substantial manner, and also will paint the front of said building inside and out, and will hereafter keep said building in good repair as long as occupied by said parties of the second part or their assigns.

"The party of the second part shall have the privilege of taking out the platform or substory in the rear end of said building, and to make any additions and improvements and shelving in said building that they may desire, and to remove said improvements and shelving, etc., whenever they may desire.

"Witness the signatures of said party of the first and second part this the 22nd day of September, 1917.

"[Signed]   Mrs. Serena Johnson.
"[Signed]   Brittian & Henry."

On the 15th day of April, 1918, Brittian & Henry transferred this lease to the Copiah Hardware Company; said assignment being in the following words:

"Whereas, the firm of Brittian & Henry has transferred and conveyed all of its stock of goods, wares and merchandise and business conducted in Hazlehurst, Mississippi, to the Copiah Hardware Company, a corporation organized, and as a part of the consideration for transferring and conveying the stock of goods as aforesaid, the firm of Brittian & Henry agreed and promised to transfer and assign its lease of the building occupied by it in the conduct of its business.

"Now, therefore, in consideration of the fact above stated, and further consideration of one dollar cash in

hand paid, we, the firm of Brittian & Henry, hereby transfer, assign, and convey our lease and all rights and priviliges thereunder to the building which has been recently occupied by us, it being the purpose hereby to convey and transfer all the rights, powers, and privileges which we ourselves obtained and hold under a certain contract entered into between ourselves and Mrs. Serena Johnson on September 22, 1917, with reference to the rental of the store building owned by her on the south side of Estelle street in the city of Hazlehurst.

"Witness our signatures this the 15th day of April, 1918.                    [Signed] BRITTIAN & HENRY.

"A. HENRY."

On the 26th day of October, 1918, the Copiah Hardware Company notified Mrs. Johnson by letter of their intention to renew the lease for one year from the 1st of November, 1918; said letter reading as follows:

"October 26, 1918.

"Mrs. Serena Johnson, Hazlehurst, Miss.—Dear Madam: On the 15th day of April, 1918, the Copiah Hardware Company purchased and had assigned to it the lease of the store building which you had made to Brittian & Henry of Hazlehurst, Miss., a copy of the said lease, we hand you herewith.

"Under the provisions of your lease contract, we, as the assignees of the said firm of Brittian & Henry, have the right to renew our lease for the said building from year to year by giving you written notice of our intention on or before November 1st annually.

"This is to give you notice, therefore, that it is our intention and desire hereby to renew the said lease contract according to its terms and provisions, for one year from November 1, 1918, and as much longer thereafter as we may choose, according to the terms of the said contract.

"Yours very truly,

"[Signed]   COPIAH HARDWARE COMPANY."

On October 10, 1919, the said Copiah Hardware Company notified Mrs. Johnson of their intention to renew the lease on said building for another year beginning November 1, 1919, and extending to November 1, 1920, the renewal to be in strict accordance with the terms of the original lease contract. On November 1, 1920, appellant gave Mrs. Johnson notice by letter that they expected to renew the contract for the rental of said building for another year, "beginning November 1, 1920, and extending to November 1, 1921. The renewal to be in strict accordance with the terms of the contract referred to above."

On October 17, 1922, the appellant mailed to the appellee another letter giving notice of their intention to renew the contract for the rental of the said building for another year, "beginning November 1, 1922, and extending to November 1, 1923. The renewal to be in strict accordance with the terms of the contract referred to above."

The appellant failed to give the appellee notice on or before the 1st day of November, 1923, but let that date pass without such notice of renewal, but a letter was posted on November 6, 1923, addressed to the appellee, giving notice of their intention to renew. The manager, of appellant says that he thinks he wrote the notice on the night of the 2d of November, and thinks he mailed the letter that night. He also testified that at the time of writing such notice he had knowledge that suit was going to be filed before he sent such letter. On the 8th day of November, 1923, the appellee, Mrs. Johnson, made affidavit before a justice of the peace "that the Copiah Hardware Company, tenant, after the expiration of its term and without permission of this affiant, owner, and lessor, holds and refuses to deliver possession of the following described premises." The appellant filed the following plea or answer to such proceeding before the justice of the peace:

"Now comes the Copiah Hardware Company, defendant, and in answer to the affidavit of Mrs. Serena Johnson denies that it is holding said premises over after the expiration of their term, but asserts that it is holding said premises under a legal and valid contract and the right of renewal and extension thereunder, all of which have been construed and upheld by the supreme court of the state of Mississippi."

The case referred to in which the contract was construed is *Copiah Hardware Co.* v. *Johnson,* 123 Miss. 624, 86 So. 369, in which decision the court held that the original lease was a valid contract, and that under it the appellant had a right to renew the lease by giving the proper notice for one year at a time as long as they might desire to do so. The appellee proceeded under the provisions of section 2383, Hemingway's Code (section 2885, Code of 1906), the pertinent part of which reads as follows:

"A tenant or lessee at will or at sufferance, or for part of a year, or for one or more years, of any houses, lands, or tenements, and the assigns, under-tenants, or legal representatives of such tenant or lessee, may be removed from the premises by any justice of the peace of the county, or by the mayor or police justice of any city, town, or village where the premises, or some part thereof, are situated, in the following cases, to-wit:

"First.—Where such tenant shall hold over and continue in possession of the demised premises, or any part thereof, after the expiration of his term, without the permission of the landlord," etc.

Section 2380, Hemingway's Code (section 2882, Code of 1906), provides that "notice to quit shall be necessary only where the term is not to expire at a fixed time."

It is the contention of the appellant that this section is not applicable to the present case, and that the lease contract did not expire at a fixed time, and the fact that the tenant remained in possession for eight days after November 1st before proceedings were instituted, was a

holding over for another annual term. The appellant also contended that the contract gives the right of an extension of lease as distinguished from a renewal of lease, and that the case of *Crenshaw-Gary Lumber Co.* v. *Norton,* 111 Miss. 720, 72 So. 140, L. R. A. 1916E, 1227, is authority for that position. In that case the court discussed the principles of the necessity of notice in the one case and the absence of the necessity of such notice in the other, and held in the case before it then, taking all of the facts into consideration, that the notice was not necessary. The case, however, announces the rule to be that, if it is a renewal contract, notice must be given of the intention to renew before the expiration of the term or while the term of the lease is still in force, but in the case where the option is for the extension of the lease that such notice need not be given, but the tenant may continue in possession, and the fact of possession will evidence its intention to exercise the option of extension.

The contract before us gives the lessee the right and privilege, or their assigns the right and privilege, "to renew this lease for one year at a time." The option given is to renew the lease. It is not a lease for a term with right to hold over as long as the party may desire, or for a stated period, but is a right to renew the lease for one year at a time. The original lease was for one year from the 1st of November, 1917. Consequently the lease expired November 1, 1918, and the new lease began on that date under the letter above quoted giving notice to that effect prior to the 1st day of November, 1918. The letters subsequent to November 1, 1918, stipulate the beginning and ending of the term. Consequently each term began and ended at specified dates. Consequently, under the terms of section 2380, Hemingway's Code (section 2882, Code of 1906), no notice to quit or vacate was necessary, and the lessor had the option to treat the tenant as a trespasser after that date. The views here expressed find support in *McClintock* v. *Joyner,* 77 Miss. 678, 27 So. 837, 78 Am. St. Rep. 541. The circuit court

granted a peremptory instruction for the appellee, and entered judgment thereon in favor of the appellee, which judgment is in accordance with the views herein expressed and must be affirmed.

*Affirmed.*