MALSBURY, EXECUTRIX, ETC. *v.*
STATE HIGHWAY COMMISSION

No. 42940 March 16, 1964 161 So. 2d 649

*J. Harold Graham, Jr.,* Jackson, for appellant.

*Armstrong & Hoffman,* Hazlehurst, for appellee.

Rodgers, J.

The appellant, Mrs. Clara K. Malsbury, Executrix of the Estate of her late husband, W. C. Malsbury,

brought a suit against the State Highway Commission of Mississippi, in which it was alleged that W. C. Malsbury, Deceased, entered into a lease contract on December 18, 1957 with George Reese and his wife, Adelle Reese, who were the owners of the property therein described and other lands not here involved. This instrument was for a period of one year and was for the purpose of exploring, mining, excavating, and removing all merchantable sand, clay and gravel to be found on the described land in Copiah County, Mississippi. It was alleged that W. C. Malsbury was granted the exclusive right and option to renew the lease for an additional one year for a term of an additional one year period for four years, from December 18, 1958; that the lessee had the exclusive right to purchase all sand, clay and gravel situated on the described land; that the lease and option to purchase were duly filed and recorded on the above date; that the land covered by the lease contained valuable mineral deposits consisting of merchantable sand, gravel and clay, and by virtue of said lease and option, lessee owned a vested property right in the described property; that the lease had been renewed and was in force and effect; that after the 7th day of April 1959, and before the 21st day of March 1961, the State Highway Department of Mississippi took possession of the land for public use by constructing across the land interstate Highway No. 55 and state Highway No. 27. It is alleged that the lessee was damaged by the taking of the land. The bill sought a judgment for the actual market value of the sand, clay and gravel, taken from the leased premises by the defendant.

The appellee answered, admitting the acquisition of the property and admitted the lease, but denied that W. C. Malsbury exercised the option to purchase the sand, clay and gravel and charged affirmatively that the lease dated December 18, 1957, was no longer in force; that it operated for a period of one year from

date, with the right to renew on said conditions therein contained for a period of one year, but that the lease was not renewed and expired on December 17, 1958. Defendant pleaded that W. C. Malsbury had no interest in the property because he had assigned all interest he might have had in the property to I. J. May, C. E. May and Guy E. Cook, on February 7, 1958, and that thereafter these individuals had assigned their interest to the defendant, State Highway Commission of Mississippi. Finally, the defendant pleaded that there was no merchantable clay, sand and gravel on the described property.

The appellant answered the affirmative defense of the State Highway Commission of Mississippi and denied that the contract lease was not renewed. It denied that the deceased lessee had assigned his interest in the property to the persons named, and denied that the land did not contain merchantable sand, clay and gravel.

When the case came on for hearing, the attorney for the complainant requested the court to rule upon the affirmative defense of the State Highway Commission. The parties agreed upon the following stipulation of facts:

"(1) That on the 18th day of December, 1957, W. C. Malsbury leased from George and Adelle Reese a tract of land in Copiah County, Mississippi, for "gravel pit" purposes, and that $500.00 recited as consideration in this lease was paid at the time of the execution on December 18, 1957. A true copy of this lease is attached hereto marked Exhibit "AA".

"(2) That W. C. Malsbury exercised his rights as lessee and did mine some gravel from the leased premises during the first year of the lease, but that the total number of yards of gravel removed, computed at 6 cents per yard was less than $500.00 and was credited against the $500.00.

"(3) That on or about December 2, 1958, W. C. Malsbury had his attorney, Laurin Ware, prepare a letter addressed to George and Adelle Reese, the lessors, a copy of which letter is annexed to this stipulation marked Exhibit "A", and made a part hereof. It is agreed that the original of this letter was personally served upon Adelle Reese on the 2nd day of December, 1958, by P. R. Burney, a Constable in and for Copiah County, who then resided at Crystal Springs, Mississippi.

"(4) It is further stipulated and agreed that no additional money was paid by W. C. Malsbury at the time of or for the purpose of affecting a renewal of this lease at the end of the first year term.

"(5) It is further stipulated and agreed that George and Adelle Reese, the lessors, received no payments under the terms of said lease, except the original $500.00 paid to them by W. C. Malsbury on December 18, 1957, although the said lessors did receive trip tickets as gravel was removed from the property during the first year of the lease.

"(6) The interest of the defendant, State Highway Commission of Mississippi, came about from a warranty deed dated April 7, 1959, with George and Adelle Reese being grantors therein, a copy of which deed is annexed hereto, marked Exhibit "B".

"(7) It is further stipulated and agreed that no other person other than W. C. Malsbury did any act or deed directed toward the renewal of the lease in question at the end of the first year, which date was December 18, 1958."

It was then agreed that the question raised by the above motion and stipulation of facts is whether or not the lease was renewed by W. C. Malsbury for the second year, which second year began on December 18, 1958, by the serving of written notice on the lessors in the manner and form above-recited.

The contract described two plots of land and after the description of the first plot, the following pertinent parts and paragraphs of the contract are quoted.

"The term of this lease contract shall be for a period of one year from the date of the execution thereof and at the expiration of said one year term, the party of the second part shall have the exclusive right and option in renewing this lease contract for additional one year terms for a total of four additional years."

"The party of the second part will, on the first day of each and every month in each year during the first term of this lease contract and all renewed terms, pay to the parties of the first part six cents per cubic yard for all sand, clay and gravel excavated from the above-described lands by himself, his agents, assigns and legal representatives * * *"

"If the party of the second part desires to renew this lease contract at the termination of the one-year term in accordance with the provisions hereinabove stated, he shall give notice to the parties of the first part in writing at least fifteen days before the expiration of the first term."

"It is further agreed and understood that the sum of Five Hundred and no/100 ($500.00), this date paid to the parties of the first part by party of the second part shall first be paid from the six cents per yard on said sand, clay and gravel before any sum or sums will be due the parties of the first part. In other words, enough sand, clay and gravel is to be excavated and removed from said premises first described herein to pay said $500.00 to party of the second part before any money will be due parties of the first part."

It is agreed that during the first year only a small amount of gravel was removed from the land, and that the amount of gravel at the rate of six cents per cubic yard did not exceed $500.00. On December 2, 1958, when the Constable P. R. Burney served the letter on George

Reese and Adelle Reese from W. C. Malsbury notifying them that the lessee desired to renew said lease for an additional one-year period, beginning December 18, 1958, no consideration was paid the said lessors by W. C. Malsbury, or any other person, at that time for the renewal of the contract, and it is the contention of the defendant Highway Commission that in addition to the notice to renew that it was necessary for the lessee to pay lessors an additional consideration for a new one-year term.

We are of the opinion that the lease here involved is a mining lease, (32 Am. Jur., Landlord and Tenant, Section 309, p. 286).

 ██ The general rule of construction applicable in this this case is, where the language of the contract is clear and free from ambiguity, the Court looks solely to the language used in the instrument itself, and gives effect to each and all of the parts written therein. Copiah Hardware Company v. Johnson, 123 Miss. 624, 86 So. 369 (1920); Sumter Lumber Company, Inc. v. Skipper, 183 Miss. 595, 184 So. 296 (1938); Hines Motor Company v. Hederman, 201 Miss. 859, 30 So. 2d 70 (1947).

In the case of Burge v. Purser, 141 Miss. 163, 106 So. 770, certain filling station property was leased for a twelve-month period at a stipulated monthly rental, payable in advance, with the lessee delivering to the lessor twelve rental notes covering the rent due. The lease contained a provision that "Party of the second part has the privilege of re-leasing said filling station for a period of four years after the expiration of this lease with the exception of January and February rent, rent will be the same as all other months as stated above." Prior to the expiration of said lease, lessee notified lessor that he would exercise his option to re-lease said property but did not tender to him the promissory notes for the rent to be paid by him each month. This Court held that the lessee had not renewed said

lease in accordance with the terms and conditions thereof, having failed to tender his promissory notes for the rent due, and that the lease had expired. This rule is annotated in 172 A. L. R. 1436.

■■ After careful consideration, we have reached the conclusion from the contract and stipulated facts that the contract here involved is a year to year mining lease; that the terms of the contract gave the lessee the right to remove sand, clay and gravel from the described land for a period of one year, for a consideration of six cents per cubic yard. It also provided that the lessee pay five hundred dollars ($500.00) to the lessor, and that no additional payment was required during the initial term of the contract (one year) until the lessee had mined and removed a sufficient number of cubic yards of clay, sand and gravel from the land to amount in value at six cents per cubic yard to the sum of five hundred dollars. Before the termination of the contract, the lessee had the right to renew the lease "at the termination of the one year term in accordance with the provisions" therein stated, for a period of "four additional years", provided the lessee gave notice in writing within the time set out in the contract. We are of the opinion that the terms of the contract required an additional payment of five hundred dollars in accordance with the provisions of the first year term, since the contract expressly states it "shall be for a period of one year from the date of execution". The lessee did not tender an additional payment of the consideration paid the first year at the time he gave written notice of his desire to renew the contract, or at any other time. The lease therefore terminated at the end of the first year period, December 18, 1958.

We therefore hold that the decree of the chancery court, dismissing the original bill was a correct interpretation of the contract and should be affirmed.

Affirmed.

*Lee, C. J., and Kyle, Gillespie, and McElroy, JJ.,* concur.