PATTERSON, Justice:
Texaco, Inc., appeals from a decree of the Chancery Court of the First Judicial District of Hinds County which denied specific performance of a contract entered into by Mrs. Bonita Kennedy, the appellee, and Texaco, Inc.
In 1949 Mrs. Kennedy and the Texas Company (predecessor to Texaco, Inc.) entered into a lease agreement concerning a service station and its site in the city of Jackson. The lease, effective October 5, 1950, granted the appellant possession of the property for an original period of ten years, with provision for two five-year renewal options, thus creating a possible twenty-year covenant. Under the agreement Texaco also obtained an exclusive right-to-purchase option for the premises. The exercise of this option by the lessee is the basis of this controversy since the lessor, after notice, declined to convey the property to Texaco. Mrs. Kennedy’s refusal to convey emanated from her belief that Texaco’s offer to exercise the option was insufficient to obligate it to complete the purchase since there was no tender of the purchase price within the twenty-year lease term, and the further belief that the lessee had no right to purchase while “holding over” after the expiration of the primary term and in any event the contract was ambiguous and not susceptible of being specifically performed.
The trial court found the first and last paragraphs in Section 10 of the lease to be irreconcilable and concluded that a patent ambiguity was presented and therefore declined specific performance of the contract. The first paragraph of Section 10 provides :
Lessor hereby grants to lessee the exclusive right, at lessee’s option, to purchase the demised premises ... at any time during the term of this lease or any extension or renewal thereof . . .
The last paragraph of Section 10 follows:
Lessee’s notice of election to purchase pursuant to either of the options granted *452 in this clause shall be sufficient if deposited in the mail addressed to lessor or by-telegraph at or before midnight of the day on which option period expires.
On September 21, 1970, during the primary term of the lease, the appellant notified the appellee by letter of its intention to purchase, using the following language:
. This is to notify you that Texaco Inc. (formerly named The Texas Company) elects to and does hereby exercise its exclusive right to purchase the leased premises for the sum of $40,000.00 subject, of course, to all of the terms, covenants and conditions of said purchase option and it will be appreciated if you will arrange to deliver to us an Abstract of Title or other evidence of title (title insurance policy will be satisfactory) and a current survey of the property at your earliest convenience.
On appeal Texaco contends that it has properly exercised the option to purchase before the termination of the lease and is therefore entitled to specific performance of the contract. Mrs. Kennedy contends, however, that by the terms of the option it was necessary for the purchase price to have been tendered to her prior to the expiration of the contract on October S. The issue presented is whether Section 10 of the lease is characterized by ambiguous language rendering it reasonably susceptible to more than one construction.
The argument of the appellee for affirmation of the trial court’s decree is that the term “to purchase the demised premises ... at any time during the term of this lease or any extension or renewal thereof” is irreconcilable with “lessee’s notice of election to purchase.” The thrust of the argument is that the first clause requires Texaco to tender the purchase price with its acceptance of the option to purchase and is not compatible with the later clause of merely agreeing to purchase. It is contended that this difference in terms presents a patent ambiguity. We are of the opinion this dissimilarity is nothing more than a distinction in terms without a difference in fact which would not have the effect of leaving unenforceable the contract and the obligations imposed thereby.
 We have long adhered to the rule that a written instrument must be considered as a whole and all parts construed together. See Hewitt v. Frazier, 219 So.2d 149 (Miss.1969); Mitchell v. Eagle Motor Lines, Inc., 228 Miss. 214, 87 So.2d 466 (1956); Rubel v. Rubel, 221 Miss. 848, 75 So.2d 59 (1954); and Copiah Hardware Co. v. Johnson, 123 Miss. 624, 86 So. 369 (1920). In clinging to this rule we are prevented from ascertaining the meaning of a contract by resort to solitary or fragmentary parts of the instrument.
In applying these rules of construction to the present lease we are of the opinion that no ambiguity exists. Paragraph 3 of Section 10 provides that upon the lessor’s receipt of any option granted herein the lessor shall immediately comply with conditions detailed in the contract by delivery to the lessee, at lessor’s expense, a completed abstract of title, or other evidence of title satisfactory to the lessee and shall furnish a survey prepared by a professional engineer. The agreement further provides that the abstract of title is subject to the scrutiny of the lessee and if found satisfactory by it, “shall tender the purchase price to lessor,” whereupon the lessor shall deliver a warranty deed conveying the premises.
Viewing the instrument in this light, rather than isolating the first and final paragraphs of Section 10, it is apparent, we think, that the terms of the contract presuppose certain conditions to be met subsequent to the acceptance of the option. This would necessarily require a reasonable time for their accomplishment. The parties, of course aware of these contingencies and the difficulty of stating a specific date for the completion of the conditions, designated the time for the tender of the purchase price to be contemporane *453 ous with the approval of title. In fact, the appellee’s recognition of these factors was acknowledged by her undertaking to complete the conditions prior to the expiration date of the lease term.
With knowledge of the conditions to be fulfilled we think it highly improbable that the lessee was not also aware of the time designated for tender of the purchase price since it was embodied within the same sentence as the conditions which she undertook to fulfill.
By construing the instrument from its four corners we are able to give meaning and enforcement to the solemn contract of the parties rather than avoiding it by viewing some of its terms in isolation. We are of the opinion the appellant is entitled to have the contract specifically performed.
Reversed and remanded.
GILLESPIE, C. J., and INZER, SMITH and ROBERTSON, JJ., concur.