PATTERSON, Chief Justice,
for the Court:
This suit is for the specific performance of an option to purchase real estate. William J. Druetta and others entered into a lease agreement with M. C. Reynolds on October 16, 1975, for a primary term of ten years, February 1,1976 to February 1,1986. On May 2,1977 M. C. Reynolds was released from the contract and his wife, Vivian Mills Reynolds, was assigned his rights under the lease.
The only issue presented is the interpretation of paragraph six of the option which states in pertinent part:
Lessee is hereby given the option to purchase the leased property owned by Lessors at the end of the fifth year of the primary term at a price of $85,000.00 in cash. Such option shall be exercised by written notice to Lessors not more than 120 days before the end of the fourth year of primary lease period.
Lessee gave written notice to each lessor of her intention to exercise the option to purchase by letters dated July 29,1980, and August 5, 1980. Despite this notice the lessors refused to abide by the purchase contract believing the time to exercise the option terminated at the end of the fourth year, January 31, 1980.
Thereupon lessee brought this suit for specific performance in the Chancery Court of Adams County. The evidence offered by complainant was the lease contract, letters to the lessors expressing the intention to exercise the option, as well as discovery depositions of four of the seven appellees. At the conclusion of the evidence, the chancellor dismissed appellant’s complaint ratiocinating that the terms of paragraph six could not be exercised prior to 120 days before the end of the fourth year, October 3,1979, nor could it be exercised after February 1, 1980, but was viable only between October 3,1979, and January 31, 1980. The chancellor therefore held lessee’s exercise of the option after January 31, 1980 was ineffective because it was not within the above time frame. Aggrieved, lessee appeals.
The interpretation of paragraph six is before this Court, not on conflicting facts, but whether the chancellor erred as a matter of law in his interpretation. Of prime import is the final date on which appellant had the right to exercise the option of purchase.
The contract granted lessee the option “to purchase the leased property owned by lessors at the end of the fifth year of the primary term at a price of $85,000.00 in cash. Such option shall be exercised by written notice to lessors not more than 120 days before the end of the fourth year of the primary lease term.” (Emphasis added). Appellant contends her notice given on July 29, 1980 and again on August 5, 1980 was timely.
The plain and simple meaning of the language “not more than 120 days before the end of the fourth year”, in our opinion, clearly enunciates that the lessee’s right under the option did not ripen until October 3, 1979. We also observe that there is no language in paragraph six to indicate the option to purchase expired at the end of the fourth year. On the contrary, the language, “Lessee is hereby given the option to purchase the leased property ... at the end of the fifth year”, indicates the option would terminate at the end of the fifth year of the primary term. Therefore, when the chancellor inserted an expiration date of January 31, 1980, he rewrote the contract. In our opinion this was beyond the province of the trial court. See Koch v. H & S Development Company, 249 Miss. 590, 163 So.2d 710 (1964); Williams v. Batson, 186 Miss. 248, 187 So. 236 (1939).
We have stated many times that a contract should be construed as written and words should be given their ordinary and properly accepted meaning when they are unambiguous. E.g., Malsbury v. State Highway Comm., 248 Miss. 872, 161 So.2d 649 (1964); Roberts v. Corum, 236 Miss. 809, 112 So.2d 550 (1959); Miller v. Fowler, 200 Miss. 776, 28 So.2d 837 (1947). In our opinion, Paragraph six granted appellant until the end of the fifth year of the primary term (January 31, 1981) to exercise the op *919 tion, which she did by her letters of July 29, 1980, and August 5, 1980.
When a motion to dismiss is erroneously sustained at the conclusion of the complainant’s case, this court should remand the case. Partee v. Pepple, 197 Miss. 486, 20 So.2d 73 (1944). Therefore, the case is remanded so the lessors may present the other defenses asserted in their answer if they desire.
Although lessee seeks attorneys fees, the contract did not specifically authorize such and neither are they authorized by statute. Therefore, Christiansen v. Griffin, 398 So.2d 213 (Miss.1981), has application and attorneys fees are denied.
REVERSED AND REMANDED.
SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PRATHER, J., takes no part.