J. D. HARRIS, ADMINISTRATOR C. T. A. ESTATE, G. R. TOWNSEND, DECEASED *v.* MRS. ROXIE BOYLES TOWNSEND.

[58 South. 529.]

1. CONTRACTS. *Construction. Limitation of actions. Notes.*

In construing contracts, effect must be given to each word contained in it and if the language thereof is plain and unambiguous it is unnecessary to invoke any rule of construction in order to interpret it.

2. PROMISSORY NOTE. *Time of payment. Statute of limitations.*

Where a promissory note provided for payment on demand or on the death of the maker, suit could be brought either before or after the death of the maker, but the statute of limitations will not commence to run until after his death.

APPEAL from the circuit court of Montgomery county. HON. G. A. McLEAN, Judge.

Suit by Mrs. Roxie Boyles Townsend against J. D. Harris, administrator. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Hill & Knox,* for appellant.

The note sued on was made on the 14th day of March, 1904, and in the beginning reads thus: "On demand, or at my death, I, or my estate promise to pay. . . " It will be noticed that the deceased departed this life on or about June 10, 1910, more than six years after the execution of this note. Our contention is that the right of the appellee to sue on this note accrued to her more than six years before the death of G. R. Townsend, the maker thereof, and that the said note was barred by the statute of limitations after six years from the date of its execution, for the reason that the said note was payable on demand and the appellee, Mrs. Roxie Boyles Townsend, could have brought suit on said note immediately after its execution, or, at least, after the three days of grace elapsed. See the following authorities: *Butts* v. *Railroad Co.,* 63 Miss. 462, 25 Cyc. 1071, par. f; also p. 1066, par. 2, especially the latter part of said paragraph 2 which reads thus: "The true test therefore to determine when a cause of action has accrued, is to ascertain the time when plaintiff could first have maintained his action to a successful result."

25 Cyc. 1100, par. 11: "When payable on demand." On this point see especially what our own court, in the case of *Johnson* v. *Pyles,* 11 Smedes & Marshall, 189, says as to when the statute of limitations begins to run. In this case the court says at page 193: "The statute of limitations begins to run whenever the cause of action accrues. In other words, the time limited is to be computed from the day upon which the plaintiff might have commenced an action for the recovery of his demand. Angell on Lim., 181."

Since the appellee, Mrs. Roxie Boyles Townsend, could have brought suit on this note against the deceased in his lifetime at least three days after the execution thereof—and certainly no court would hold that she could not have done so, nor could Townsend have de-

fended upon the ground that the suit had been prematurely brought—then her right of action accrued at the time she could have brought suit thereon, and the statute of limitations began to run from that time, and not from the date of the death of G. R. Townsend, deceased. Our contention is that the appellee had no right of election in the matter, and could not wait more than six years after the execution of the note to bring her suit thereon; for we contend that the words, "or at my death," as used in said note were mere surplusage, and did not in any way give to appellee the right to wait until the death of G. R. Townsend to bring her suit, if the death of Townsend occurred more than six years after the execution of the note sued on. That is to say, that the appellee had no right to wait until after the death of G. R. Townsend, deceased, to bring her suit on said note, but that it was her duty, under the law, to have brought her suit against the deceased within six years after the date of the execution of the said note; and she having failed so to do, we contend that she is barred of her right of recovery and that the court below should have excluded the note from the consideration of the jury, and should have instructed the jury to find for the appellant.

The words, "or at my death," used in the note, did not prohibit the appellee from bringing suit upon said note immediately after the execution thereof, nor was the appellee required to first make a demand for payment upon the said Townsend before she could have instituted suit against him on said note, nor was she required to wait until the death of the said G. R. Townsend to bring her suit; but it was her duty to have brought it within six years after the execution of the note. In the case of *Butts* v. *Railroad Co.*, 63 Miss. 465, the court says: "Suit may be brought on an ordinary bill or note, payable on demand generally, on the day of its date or immediately, without demand being previously made, and

consequently the statute of limitations would begin to run against such an instrument from that date.'' And also says ''and the principle is the same when the note or bill is payable on demand at a particular place.''

It was not necessary under the decisions of our own and of other courts hereinbefore cited, for the appellee to have first made a demand upon the deceased in his lifetime before she could have brought suit on said note, but even if it had been, then the appellee was not a competent witness to testify against the estate of the deceased to the effect that she had not made any demand upon the deceased in his lifetime for the payment of said note. Sec. 1917 of the Mississippi Code of 1906.

*Vernon D. Rowe,* for appellee.

The note sued upon in this case has alternative maturity dates, and reads as follows:

''$292.50.                                    Mar. 14, 1904.

''On demand or at my death I or my estate promise to pay to Roxie Boyles Townsend the sum of two hundred ninety-two dollars and fifty cents value received with interest at ten per cent per annum from date until paid. Witness my hand and signature.''

There is a maturity of even date with the note, and there is another maturity at the death of the maker of the note. When the first maturity date is under consideration, there can be no controversy as to when the statute of limitations began to run, because the rule is well-settled that, a note payable ''on demand'' generally, is due at once, and, of course, such a note is barred in six years from its date or at most, in six years, allowing three days of grace.

But, this is not such a note. Here is a note payable on demand, or at the death of the maker. The rule stated above does not apply here. If it did, then it would permit the maker of a note to insert, in the alternative, a

second due date, by which he contracts to pay a sum of money, either at one time or another, and then afterwards repudiate the obligation by pleading the statute of limitations against the note, reckoning from the first due date, and this would let down the bars of fraud.

Now, both of these maturity dates are certain. The present is a certainty, and death is a certainty. "A note, payable one day after date, or at ·death of the maker, is a good note and binding upon the maker's estate." 1 Daniel on Négotiable Instruments (2 Ed.), 39. Under this authority, it is impossible to regard the phrase, "or at my death," in the note at bar, as mere surplusage, as contended by counsel for appellant.

A note may be so drawn as to be payable at. once, or on the happening of a contingency, in the alternative, if you please, thus giving to the payee the option or choice as to which maturity date shall control him in his action with reference thereto. Wood on Limitations (3 Ed.), 321, citing *Waters* v. *McBee,* 1 Lea (Tenn.), 364, in which case the court said: "It is the duty of the court to arrive at the real intention and meaning of the parties, and we will not readily yield to a construction that results in a palpable absurdity and manifest injustice."

What was the intention of the maker of the note at bar when he gave it to his wife, promising thereby to pay her a sum of money on demand or at his death? It is plain upon the very face of the instrument that he meant that he would pay this note at any time prior to his death, upon her demanding it. And, further, that, if she never chose to demand payment of him, then the money should be paid to her at all events, even after his death whenever his death should occur. This note should be construed for all that it reasonably means, and that, too, most strongly against the maker. He meant to say that his wife might delay the making of her demand or that she might never make a demand.

Yet, should she make a demand of him, she should get her money, and should she never make a demand of him, then his estate should bear the burden of paying her. The choice was hers to make demand of him and obtain her money, or to wait until the maker's death and then collect it. Such is the plain intention and meaning of the obligation, and any other view does violence thereto, and permits a fraud upon the payee of the note. Delay in making demand, or the possibility of a demand never being made upon the maker of the note in his lifetime, either and both, were contemplated by the maker of the note, when he wrote it and signed his name to it. And, where, by the terms of an obligation payable on demand, delay in making demand is contemplated, there is no rule of law which requires that demand be made within the statutory period for bringing an action. 7 Cyc. 849, note 92. The trial court correctly applied these principles, holding that the statute of limitations began to run at the death of the maker of the note,—the last due date instead of the first due date. Attention is here directed to the note to the case of *Wenman* v. *Insurance Co.,* 28 Am. Dec. 468, where after stating the rule the following statement is made: ''But if the tenor of the instrument is such as to indicate a clear intention to the effect, no action will lie thereon until after an actual demand and refusal, and the statute of limitations does not begin to run until them.'' This is the rule with reference to contracts. *Collardo* v. *Tuttle,* 24 A. D. 627; *Ware* v. *Hewey,* 57 Me. 391, 99 A. D. 781, note. ''Where demand is necessary, statute does not begin to run until demand is made.'' In all the cases upon the subject of ''on demand,'' where there are qualifying words to show the intent and meaning, the courts are governed by the qualifying words, as for example where a note is payable on demand at a particular place. It is held that demand must be made at the particular place. *Butts* v. *Railroad,* 63 Miss. 462. It is the same rule that is followed

in the construction of wills. The testator, by one stroke of the pen, may devise a life estate to a person, and, by another stroke, he may use words and phrases that bestow upon the same person the title in fee; in which case the courts hold that the last stroke of the pen must control, to the exclusion of the first stroke. This because the intention controls. Why should there be any deviation in the construction of a promissory note?

The authorities cited by counsel for appellant, upon the question of the accrual of the right of action, do not "hit the spot" because counsel do not take into consideration the proposition of the alternative. The only way counsel attempt to meet the proposition of the alternative is to say that it is mere surplusage, and no authorities are cited to sustain their contention that it is surplusage. If the option given the payee in this note is to be regarded as mere surplusage, then the intention and meaning of the note are brushed aside, and the contract destroyed. The courts do not destroy contracts; they construe contracts.

SMITH, J., delivered the opinion of the court.

Appellee's husband during his lifetime executed and delivered to her the following promissory note:

"$292.50.                              March 14, 1904.

On demand or at my death I or my estate promise to pay to Roxie Boyles Townsend the sum of two hundred ninety-two dollars and fifty cents, value received, with interest at ten per cent. per annum from date until paid.

Witness my hand and signature.

                              G. R. TOWNSEND."

Mr. Townsend lived more than six years after the execution of this note, and after his death this suit was filed in the court below against his administrator to collect it. The defense relied upon by the administrator is that the note is barred by the statute of limitations.

The contention of appellant is that the words "or at my death" and the words "or my estate" in this note are surplusage, that therefore it was collectible on demand, and consequently the statute of limitations began to run against it immediately upon its execution, or, if these words are not surplusage, that appellee still had the right to collect it, and if necessary to institute suit on it, immediately upon its execution, and that consequently the statute of limitations began to run at that time.

Neither of these positions are tenable. We must, if possible, in construing any contract, give effect to each word contained in it; and, if the language thereof is plain and unambiguous, it is unnecessary to invoke any rule of construction in order to interpret it. While the intention of the parties to this note is succinctly, it could not have been more plainly, expressed.

It is clear that the payee had a right to collect the note at any time she so desired during the life of the maker, and also that she had the option of waiting until his death to collect it. It is true she had the right to sue on the note at any time she so desired, but it is also true that she had a right to wait until the death of the maker so to do; and consequently the statute of limitations did not begin to run until that event occurred.

The court below having tried this cause in accordance with these views and permitted appellee to recover upon the note, its judgment is affirmed.    *Affirmed.*