(78 South. 860)

### KELLEY REALTY CO. v. BOTSFORD.
(6 Div. 750.)

(Supreme Court of Alabama. April 18, 1918.)

1. LANDLORD AND TENANT ⬅152(3)—DUTY TO REPAIR—ACTIONS FOR DAMAGES.

A covenant in a lease of a storehouse, whereby lessor agrees to repair and stop leaks, will support an action by the lessee against the lessor for damages on account of failure to stop leaks, notwithstanding a preceding covenant whereby the lessor is exempted from liability for damages on account of defects, or from rain, wind, or other cause; it being necessary to construe the lease as a whole.

2. APPEAL AND ERROR ⬅1039(1)—HARMLESS ERROR—PLEADING—TIME TO PREPARE.

In a lessee's action for damages for lessor's breach of covenant to maintain premises in repair, the action of the court in refusing defendant time to prepare demurrers, and in overruling them when orally stated, and in denying time to prepare written pleas, compelling defendant to plead in short by consent, while irregular, did not injure defendant; he not having shown diligence in preparing pleadings, and having had every advantage he could have had if the pleadings had been written out in full.

Appeal from Circuit Court, Jefferson County; E. C. Crowe, Judge.

Action by A. S. Botsford, doing business as the Botsford Grocery Company, against the Kelley Realty Company, before a justice of the peace. From a judgment for plaintiff on appeal, defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

David J. Davis, of Birmingham, for appellant. W. M. Woodall and Edward Jenkins, both of Birmingham, for appellee.

MAYFIELD, J. The action is by the lessee of a storehouse, against his lessor, as for breach of a covenant to repair. The cove-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

nant alleged to have been breached reads as follows:

"Lessor agrees to repair and build cheap fence in rear of both rooms; also stop leaks, fix window and door glasses where broken, and put locks in good repair."

The breach alleged was the failure "to stop leaks." The injury was damage to goods on account of the failure to perform the covenant.

The main, if not the sole, defense relied upon, was another covenant of the lease, which is claimed by the lessor to exempt him from the damages here sought to be recovered. This covenant reads as follows:

"It is further understood and agreed that the lessor shall not be liable for any damage which may accrue on account of any defect in said building or premises, or from rain, wind, or other cause."

[1] If this covenant stood alone, the contention would probably be valid; but it being followed by the covenant sued on, and construed in the light of the conduct of both parties to the lease, and this court being required to construe the contract as a whole, we are of the opinion that the trial court correctly construed the lease as holding the lessor liable for failure "to stop leaks," and for the damages wholly consequent upon such breach. The covenant sued upon is the last covenant in the lease, and forms a separate and distinct clause thereof. To hold that this clause would not support this action would be to wholly ignore it, and certainly it was not intended by the parties to be a wholly meaningless, useless appendix to the lease contract, to be cut off, should it ever cause trouble.

The case was originally brought in a justice court, where the trial resulted in judgment for the plaintiff. Defendant appealed to the circuit court, where the case was tried by the judge without a jury, and judgment was rendered for plaintiff. From the judgment rendered in the circuit court, defendant appealed to the Court of Appeals, and under existing rules and practice of this court the appeal comes by transfer to this court.

[2] We find no error which has resulted in injury to appellant. When the case was called for trial in the circuit court, plaintiff filed a complaint, which he had a right to do. Defendant insisted upon time within which to prepare demurrers to the complaint. The circuit judge declined to postpone or pass the case for this purpose, but said to counsel for defendant that he could state to the judge the ground of his demurrers, and the court would pass upon them as if in writing. This was done, and, the court overruling the demurrers, the defendant thereupon insisted upon time wherein to prepare written pleas, which request was denied; the court stating that defendant could set up any availing defense, and plead it in short by consent, which

was done. The trial proceeded to conclusion, and resulted in a judgment for plaintiff.

While, of course, this proceeding and practice was irregular, it does affirmatively appear that no possible injury resulted. The record does not show due diligence on defendant's part in preparing its pleadings. The case had been once tried in the justice court, on the identical issues upon which it was tried in the circuit court, and on a complaint not materially different from the one last filed. There was no duty resting on the plaintiff to submit his complaint to the defendant before filing the same in the circuit court. The complaint was simple, being practically in code form; and it was not subject to demurrer.

It also affirmatively appears that defendant had every advantage which it could have had if its pleadings had been written out in full. In fact and in law, it appears, it had no defense to the action. The only defense attempted to be asserted, meriting consideration, is its construction of the lease contract as to whether or not defendant was liable for failure to make repairs, claimed in the suit.

We find no error which will warrant a reversal of this judgment.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.