BRADY, Justice:
This is an appeal by James E. Hewitt from a decree rendered against him in the Chancery Court of Pike County, Mississippi, which sustained demurrers to his cross-bill filed with his answer to the petition of Mrs. Louise Davis Frazier, Jr., administra-trix of the estate of Lonnie V. Frazier, Jr., to construe a contract for the sale of the merchandise and fixtures of Hewitt’s Pharmacy in Summit, Mississippi.
The facts pertinent to this appeal are as follows: On September 8, 1965, a Contract of Sale and Purchase was entered into by James E. Hewitt, Party of the First Part, Lonnie V. Frazier, Jr., Party of the Second Part, and Mr. and Mrs. Lonnie Frazier, Parties of the Fourth Part. For the consideration of $13,000, which included $3,700 cash and $9,300 payable in sixty monthly installments of $175.50 each beginning October 1, 1965, James E. Hewitt sold to Lonnie V. Frazier, Jr. the stock of merchandise and the fixtures of the Hewitt Pharmacy. The contract provided that in the event Lonnie V. Frazier, Jr., Party of the Second Part,. should default in three consecutive payments the Contract of Sale and Purchase would become null and void and title would revert to James E. Hewitt. The contract further provided that James E. Hewitt was to remain a nominal or dormant partner serving without compensation until July 1, 1966, at which time he would be automatically released from any and all interest in the pharmacy. The contract also stated that in the event of the death or incapacity of Lonnie V. Frazier, Jr., his interest was to pass jointly to his wife, Louise Davis Frazier, Jr., Party of the Third Part, and to Mr. and Mrs. Lonnie V. Frazier, parents of Party of the First Part. The contract was signed by James E. Hewitt, Lonnie V. Frazier, Jr., Douise Davis Frazier, Jr., Mr. Lonnie Frazier, and Mrs. Lonnie Frazier, and it was notarized.
On October 11, 1966, Lonnie V. Frazier, Jr. died intestate leaving as his only heirs at law his wife, Louise Davis Frazier, Jr., and a daughter, Lisa Carroll Frazier, five years of age. Louise Davis Frazier, Jr., was appointed administratrix of the estate of her deceased husband. As administra- *151 trix she petitioned the court for permission to operate the pharmacy for a limited time, stating that she believed she would he able to sell the business to a good advantage to one of two prospective buyers within thirty to sixty days. The court granted her permission to operate the business for a period not to exceed one year from October 20, 1966, as provided for by Section 579 of the Mississippi Code of 1942 Annotated (Supp. 1966). On October 20, 1966, the day that the Letters of Administration were granted, a notice to creditors was published in the McComb Enterprise-Journal which stated that all claims against the estate of Lonnie V. Frazier, Jr., deceased, must be registered within six months as provided by Section 1858 of the Mississippi Code of 1942 Annotated (1956).
Louise Davis Frazier, Jr., administratrix, continued to operate the said business until July 11, 1967. The prospective buyers had not materialized, and it appeared that she was not going to be able to sell the business. Because the business could not be operated at a profit, she ceased its operation in order to prevent further loss. In her capacity as administratrix she thereafter petitioned the court for an interpretation of the aforementioned Contract of Sale and Purchase and for a determination of the priority of creditors and an estimate of the amount which was owed to each. On or about August 4, 1967, an answer was filed by Mc-Kesson & Robbins, Incorporated, one of the creditors, asking for similar relief.
On or about September 11, 1967, an answer and cross-bill were filed by James E. Hewitt. The cross-bill stated among other things that “The said sales contract was recorded on the_day of September, 1965 in record book_at pages — of the records in the Chancery Clerk’s Office in Pike County, Mississippi.” James E. Hewitt alleges therein that the estate of Lonnie V. Frazier, Jr. and the parties of the third and fourth parts, whom Hewitt contends are the present owners, have defaulted in five monthly installments and that the title should therefore revert to him according to the terms of the contract. He also maintained that the business was sold to the decedent and that he, Hewitt, remained only a nominal or dormant partner, without compensation, and without any management or control of the business, to help the decedent meet certain requirements in filling prescriptions. He further alleged that the reference in the contract to decedent’s wife and parents having “the rights, privileges, and responsibilities under this transaction” in the event of the death of Lonnie V. Frazier, Jr. made the decedent’s wife and parents guarantors of the purchase price of the merchandise and fixtures.
On or about October 10, 1967, McKesson & Robbins, Incorporated, also filed a cross-bill in which they contended that James E. Hewitt remained a partner until July 1, 1966, and that he was legally responsible for any and all liabilities of the store until that date. They alleged that Mrs. Louise Davis Frazier, Jr. and Mr. and Mrs. Lonnie V. Frazier, Sr. were parties to the contract and that having agreed to assume all the rights, privileges, and responsibilities upon the death of Lonnie V. Frazier, J. they were liable for all legal claims filed within six months from the date of the publishing of the notice to creditors. They further alleged in contradiction of Mr. Hewitt’s cross-bill that Lonnie V. Frazier, Jr. had never been in default during his life on three consecutive installment payments so as to activate the reversionary clause in the contract.
In a petition for authority to sell personal property, Louise Davis Frazier, Jr., admin-istratrix, estimated the estate’s assets at $10,166.55 and its liabilities at $22,017.73 including the $1,600 contract and the $4,408.36 open account to McKesson & Robbins and $6,350 to James E. Hewitt. Some of the fixtures, including part of those sold by Mc-Kesson & Robbins, had a retention of title by the creditors. McKesson & Robbins had sold the deceased drug counter equipment in the sum of $2,038.87, which has a balance remaining of approximately $1,600, this amount being in excess of the amount said *152 equipment would bring- on the open market. Davis Wholesale Drug Company, Incorporated, likewise sold to the deceased and retained title to two cabinets and one sink which have a balance due on them of $225.09. The estate was decreed insolvent and Louise Davis Frazier, Jr., administra-trix, was granted permission to sell to Charles H. Best the merchandise for $3,000 cash and the fixtures for $2,000, which included the balance owed to Davis Wholesale Drug Company, Incorporated. Mr. Best was to take the fixtures belonging to McKesson & Robbins, Incorporated, and assume the indebtedness to them. The fixtures and merchandise had previously been appraised by three practicing pharmacists in Pike County, Mississippi, and valued at. between $6,250 and $6,325. This sale was made pursuant to Section 623 of the Mississippi Code of 1942 Annotated (1956). Louise Davis Frazier, Jr., administratrix, was also authorized by the court to sell four hundred shares of stock in Mississippi Valley Portland Cement Company for the sum of $400 cash and thirteen shares of capital stock of the Progressive Bank, Summit, Mississippi, for the sum of $1,000 cash.
Louise Davis Frazier, Jr., individually, joined in the demurrers filed by Mr. and Mrs. Lonnie V. Frazier, Sr. to the petition of Louise Davis Frazier, Jr., Administra-trix of the Estate of Lonnie V. Frazier, Jr., to the answer and cross-bill filed by James E. Hewitt, and to the cross-bill of McKes-son & Robbins, Incorporated.
The Chancellor of Pike County issued a Fiat on November 9, 1967, directing that notice be inserted in some newspaper in Pike County for three consecutive weeks in accordance with Section 627 of the Mississippi Code of 1942 Annotated (1956), setting December 20, 1967, as the date for examination and allowance of claims.
The court below construed the contract as placing unconditional title to the property in Lonnie V. Frazier, Jr. and held that the paragraph of the contract which provided that upon his death the interest of Lonnie V. Frazier, Jr. would pass jointly to Louise Davis Frazier, Jr. and to Mr. and Mrs. Lonnie V. Frazier, Sr., is “testamentary in nature” and “that due to the fact that the instrument was not executed in accordance with the Statute of Wills, said provisions are void and that the demurrers should be sustained.” The court also held that the claim of James E. Hewitt against the estate was barred by Sections 568 and 569 of the Mississippi Code of 1942 Annotated (1956) since the claim was not filed within the time limit provided by those sections. From these two unfavorable rulings James E. Hewitt appeals.
The first question presented by this appeal is: Were the demurrers to the cross-bill of appellant, James Hewitt, properly sustained? We answer this question in the negative.
It should be remembered that the demurrers in this cause admitted all facts well pleaded going to the liability and yet asserted that a valid cause of action does not lie. We find that the chancellor erred in determining that paragraph 9 of the contract was testamentary in nature. Paragraph 9 reads as follows:
In the event of the death or the incapacity of the Party of the Second Part, his interest shall pass jointly to his wife, Louise Davis Frazier, Jr. Party of the Third Part, and Mr. and Mrs. Lonnie V. Frazier, Parties of the Fourth Part, said Parties of the Third Part and Fourth Part hereby assuming all accounts payable, and hereby agreeing to maintain the inventory of said business as set forth in Paragraph 8. It is agreed that said Parties of the Third Part and Fourth Part are entitled to the rights, privileges, and responsibilities under this transaction in the event of the death or incapacity of the Party of the Second Part.
The rights of the appellees do not flow from nor are they controlled by the estate of Lonnie V. Frazier, Jr., but stem entirely from the provisions of the contract.
*153 The incongruently drawn contract in the case at bar establishes conclusively the wisdom of the rule requiring that documents should be construed as a whole. Bartlett & Co., Grain v. Merchants Co., 323 F.2d SOI, 7 A.L.R.3d 541 (5th Cir. 1963); Lampkin v. Heard, 137 Miss. 523, 102 So. 565 (1925); Turner v. Acker, 2 Miss.Dec. 736 (1883). All parts of the contract should be harmonized and given effect, if at all possible. Continental Cas. Co. v. Pierce, 170 Miss. 67, 154 So. 279 (1934); Harris v. Townsend, 101 Miss. 590, 58 So. 529 (1912).
Considering the instrument in that manner, and cognizant of the obvious nature and purpose of the transaction and the apparent intention of the parties as evidenced by the face of the contract, we think it is clear that Lonnie V. Frazier, Jr., acquired an estate or interest determinable upon his death or incapacity and that his wife and parents acquired an estate in remainder subject to the claims of the creditors of the drug business. Since the assets which have been sold have been determined to be insufficient to pay the creditors of the drug business, the remaindermen actually received nothing. We conclude, therefore, that the cross-bill was sufficient to require an answer by Mrs. Louise Davis Frazier and Mr. and Mrs. Lonnie V. Frazier, Sr. and a hearing on the merits.
The next question for our decision is whether the court was correct in sustaining the demurrer of Mrs. Louise Davis Frazier and Mr. and Mrs. Lonnie V. Frazier, Sr. to the cross-bill of Mc-Kesson & Robbins, Inc. In our opinion the contract for the sale of the business was not one made for the benefit of the creditors of the drug business, and there is nothing to show that Mrs. Louise Davis Frazier and Mr. and Mrs. Lonnie V. Frazier, Sr., were held out to the public or creditors as partners in the business or as having any interest in the business. We are, therefore, of the opinion that the chancellor correctly sustained their demurrer to the cross-bill of
McKesson & Robbins. The cross-bill of McKesson & Robbins was also filed against James E. Hewitt, and it charged that he was a partner in the business and, therefore, was liable for all debts incurred in the operation of the business prior to July 1, 1966. James E. Hewitt did not demur to the cross-bill of McKesson & Robbins, but he filed an answer denying that he was an active partner, but alleging that he was only a nominal partner until July 1, 1966. It is noted that this answer is not sworn to by James E. Hewitt. We are of the opinion that McKesson & Robbins are entitled to a hearing on the cross-bill and the answer thereto filed by James E. Hewitt.
James E. Hewitt also appeals from a decree disallowing his claim for the balance due on the purchase price of the business which he attempted to probate against the estate of Lonnie V. Frazier, Jr. The chancellor disallowed the claim on the ground that it was filed long after the statutory period'had elapsed from the publication of notice to creditors. James E. Hewitt contends for the first time in this Court that his contract for the sale of the drugstore was in effect a chattel mortgage or that he had a vendor’s lien on the stock and fixtures. We find no merit in this contention. We hold that the chancellor was correct in disallowing this claim against the estate of Lonnie V. Frazier, Jr.
The dismissal of the cross-bill of James E. Hewitt against. Louise Davis Frazier and Mr. and Mrs. Lonnie V. Frazier, Sr. is reversed and the cause remanded as to that issue. The cause is also remanded for further proceedings on the ‘cross-bill of McKesson & Robbins, Inc., against James E. Hewitt on his answer. In all other respects the decrees of the chancery court are affirmed.
Affirmed in part and reversed in part and remanded.
GILLESPIE, P. J., and RODGERS, PATTERSON and SMITH, JJ., concur.