James MATTHEWS, d/b/a Superior Products, Plaintiff–Appellant,

v.

FEDERAL COMPRESS AND WAREHOUSE COMPANY, Defendant–Appellee.

No. 80–3354
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 15, 1980.

---

L. F. Sams, Jr., William C. Murphree, Tupelo, Miss., for plaintiff–appellant.

Pogue & Pace, Ralph E. Pogue, Aberdeen, Miss., for defendant–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

This is a Mississippi diversity action for damages arising out of the partial collapse of defendant's warehouse and resulting water damage to goods stored by plaintiff therein. Suit was originally filed in state court and later removed to the federal district court. At the close of plaintiff's evidence the trial judge directed a verdict in favor of defendant, based on his reading of the parties' contract and application of a recent Mississippi Supreme Court decision. Plaintiff appeals. We reverse and remand.

On February 2, 1976, plaintiff James Matthews, d/b/a Superior Products (Matthews), entered into a lease with defendant Federal Compress and Warehouse Company (Federal) to occupy 39,600 square feet in Federal's warehouse beginning March 1, 1976. The two relevant sections of the lease provide as follows:

21. Upkeep of Premises

Lessee will at Lessee's sole expense keep and maintain in good repair the entire leased premises including interior walls, floors, ducts, utilities, air conditioning, heating and lighting and plumbing and also including the loading dock and any parking area exclusively used by Lessee. Lessor shall maintain the sprinkler system, roof, foundations, and outside walls (not including doors and floors); however, Lessor shall not be obliged to make any repair unless it shall be notified in writing by Lessee of the need of such repair and shall have had a reasonable period of time to make such repair, and shall not be liable to make any repair occasioned by Lessee's acts within the premises. Lessor shall not be liable for any damage or loss in consequence of leaks, stoppage of water, sewer or drains or for any other defects about the building and premises, unless it shall have failed to repair the defect within a reasonable time following written demand of Lessee to do so.

25. Damages and Accidents

Lessee agrees to hold harmless and indemnify Lessor from and against any liability or loss, including counsel fees incurred in good faith by the Lessor, arising out of any cause associated with Lessee's business or use of the premises. In addition, Lessee agrees to provide public liability insurance naming Lessor as additional insured to protect Lessor from risks customarily covered by such insurance, in amounts not less than $250,000 per person and $500,000 per accident, and $100,000 for damage to property. Lessee

also shall carry contents coverage on its contents with a waiver of subrogation clause as to Lessor.

On March 20, 1976, a section of the roof over Matthews' space collapsed, and water damaged his bedding supplies stored inside. Matthews originally sued his insurer, American Employers Insurance Company, but on May 22, 1978, he amended his complaint to add Federal as a defendant. Six days later, May 28, another section of the roof collapsed, and water again damaged Matthews' goods. Matthews settled his claim against his insurer and subsequently filed a Second Amended Complaint solely against Federal seeking $93,455.90 in damages for both losses.

Before trial, Federal moved for summary judgment or an order of dismissal based on Paragraph 21 of the lease and Matthews' failure to notify it in writing of the need for repair. Matthews opposed the motion on grounds that written notice was not necessary since Federal, as lessor, reserved a right of entry, and that in any event, Federal had actual or constructive notice without his notification. The trial judge denied Federal's motion. However, after Matthews' presentation of his case in chief, the trial judge granted a directed verdict in favor of Federal based on Paragraph 25 of the lease and the recent Mississippi Supreme Court case, *Smith v. Smith*, 375 So.2d 1041 (Miss.1979).

In *Smith*, the landlord expressly covenanted to maintain the roofing of a building, but the parties also agreed

> that Lessors shall not be liable or responsible in any way for any damages to persons or property sustained in or about the demised premises during the term of this lease or any renewal thereof regardless of how same may be caused, and Lessees at all times, agree to indemnify and save harmless Lessors from all losses, damages, liabilities and expenses for any damage to person or property sustained in or about said demised premises....

*Id.* at 1042 (emphasis supplied). The Mississippi Supreme Court recognized that this lease provision contained both an exculpatory clause and an indemnity clause and determined that "the exculpatory clause of the contract was properly held to bar appellant's recovery...." *Id.* at 1043.

The indemnity clause in Paragraph 25 of Matthews' lease provides that Matthews will indemnify Federal against any liability or loss "arising out of any cause associated with [Matthews'] business or use of the premises." Federal contends that this includes any loss by Matthews, otherwise the remainder of the paragraph applying to the public generally would not be necessary. Matthews maintains that the indemnity clause "contemplates liability or responsibility to third parties and has no application to the case at bar." Neither party has called any Mississippi case to our attention which confirms or refutes their contentions. Our own review of Mississippi cases likewise has discovered no case in which an indemnity clause was pled as a defense to a suit between indemnitor and indemnitee. Since *Smith v. Smith* was decided on the basis of the blanket *exculpatory* clause in the lease there at issue, the district court in this case was mistaken in deciding, as a matter of law, that the *indemnity* clause in Paragraph 25 barred Matthews' suit.

The parties have made a number of additional arguments concerning the requirement of written notice as a condition precedent to Federal's liability under Paragraph 21.[1] However, such matters do not admit of disposition as a matter of law under the circumstances here, but must be decided by the jury after a consideration of all the evidence.

REVERSED AND REMANDED.

---

1. We note in passing that Paragraph 21 and the exculpatory clause in *Smith* are substantially different. While Paragraph 21 places liability on the lessor under certain conditions, the clause in *Smith* is an absolute exemption from liability.