435 So.2d 936 (1983)
Gerda MEYER, Appellant,
v.
CARIBBEAN INTERIORS, INC., Appellee.
No. 82-1990.
District Court of Appeal of Florida, Third District.
August 2, 1983.
*937 Daniels & Hicks and Elizabeth K. Clarke, Miami, Richard E. Hardwick, Coral Gables, for appellant.
Muroff, Milestone & Milestone and Melvin I. Muroff, Miami, for appellee.
Before HENDRY, HUBBART and JORGENSON, JJ.
JORGENSON, Judge.
Gerda Meyer, the lessor of certain warehouse property, appeals the final judgment entered upon a jury verdict in favor of her lessee, Caribbean Interiors, Inc., in a breach of lease action. For the reasons which follow, we reverse the judgment of the trial court and remand with directions to enter judgment in favor of Meyer.
Meyer claims that exculpatory clauses in the lease preclude her liability for water damage to wicker furniture stored in the warehouse by Caribbean.[1] Caribbean claims Meyer breached her covenant to *938 maintain the roof and should thus be precluded from avoiding liability as a matter of law.
The intention of the parties to a lease is to be obtained from the unambiguous terms thereof. Donnelly v. Marriott Corp., 266 So.2d 183 (Fla. 3d DCA), cert. denied mem., 270 So.2d 18 (Fla. 1972). The parties to the lease were sophisticated businesspersons and, as such, this is not a case of unequal bargaining power. The parties by entering into this lease deliberately distributed the risks and designated who was to obtain the necessary insurance in the event of property damage.
As we stated in Berwick Corp. v. Kleinginna Investment Corp., 143 So.2d 684, 688 (Fla. 3d DCA 1962),
In construing a lease as in other contracts it is necessary for the court to gather the meaning of the parties from the whole instrument and not from a few lines taken here and there. [Citations omitted.] Further, it is the duty of the court wherever possible to construe apparently conflicting provisions of a contract so that the provisions do not conflict.
The lessee in the case sub judice, in contrast to Berwick, makes no claim of constructive eviction and in fact never suffered any interruption of its business. There is no dispute that the roof has been repaired by the lessor and that the lessee has never been permanently deprived of the use or beneficial enjoyment of any part of the warehouse. The dispute between Meyer and Caribbean concerns whether they could (by exculpating the lessor from liability and placing the burden on the lessee to procure adequate insurance to cover any loss including water damage) divide the risk of loss for damage to property in the warehouse and, by so doing, not conflict with a lease provision placing on the lessor the burden of maintaining the roof. We hold that the parties can legally enter into an enforceable contract containing such terms. It is our duty to construe, if possible, the provisions of the lease so that they do not conflict. See Berwick.
"[G]enerally an exculpatory clause has as its purpose the imposition of the insurable risk of personal injury or property damage loss upon the tenant which in no way attenuates the landlord's contractual covenant to repair... . [T]hese respective provisions are separate and distinct." Swisscraft Novelty Co., Inc. v. Alad Realty Corp., 113 N.J. Super. 416, 274 A.2d 59, 63 (Super.Ct. App.Div. 1971).
In Smith v. Smith, 375 So.2d 1041 (Miss. 1979), the Supreme Court of Mississippi, when faced with facts similar to those of the instant case, said
[E]xculpatory clauses such as here under consideration are not violative of public policy in this state, and ... the clause is not an unreasonable exercise of lessors' right to contract a limitation on the extent of their damages.
The exculpatory and indemnity provision of the lease was but a division of the risk involved, fully understandable and advisable when the landlord reserves no control over the type and value of the inventory of the tenant. Not only was this clause the lessors' contract, but it was also the contract of the lessees.
... .
We also consider that there may have been other direct damages, such as diminution in rental value, but are of the view that the exculpatory clause of the contract was properly held a bar to [the lessee's] recovery of the damages prayed.
Id. at 1042-43.
We agree with the reasoning and conclusion in Smith.
Reversed and remanded with directions.
NOTES
[1] The lease provides:

SECOND: All personal property placed or moved in the premises above described shall be at the risk of the lessee or owner thereof, and lessor shall not be liable for any damage to said personal property, or to the lessee arising from the bursting or leaking of water pipes, or from any act of negligence of any co-tenant or occupants of the building or of any other person whomsoever.
... .
TWELFTH: Lessee has inspected the premises and is satisfied as to the condition thereof. The lessor makes no warranty as to the conditions of said premises. The lessee agrees upon the expiration of this lease, to deliver the premises in the same condition as in the beginning of the lease with reasonable wear and tear excluded. The lessor agrees to maintain the roof and the exterior of the building unless damage to the foregoing is as a result of the fault of the lessee, in which case the lessee shall immediately repair said damage. The lessee shall maintain the overhead truck loading doors and the interior of said premises, excepting reasonable wear and tear arising from the use thereof, and to immediately upon demand correct any damage to water apparatus, septic tanks, drain fields, electric lights or any fixtures, appliances or appurtenances of said premises or of the building, caused by the act or neglect of the lessee or any person or persons in the employ of or under control of the lessee. The lessee further agrees, at his own expense, to repair and maintain the septic tank and drain field and in the event that there are additional sanitary facilities required because of the nature of the operation conducted by the lessee, it shall be the lessee's obligation to supply such additional facilities; and in the event the septic tank or drain field shall become full and have to be pumped out or replaced, the lessee shall have this service performed at his own expense.
THIRTEENTH: It is expressly agreed and understood by and between the parties to this agreement, that the landlord shall not be liable for any damage or injury by water, which may be sustained by the said tenant or other person or for any other damage or injury resulting from the carelessness, negligence, or improper conduct on the part of any other tenant or agents, or employees, or by reason of the breakage, leakage, or obstruction of the water, sewer or soil pipes, or other leakage in or about the said building, including its roof.
... .
TWENTY-EIGHTH: The lessee covenants and agrees to indemnify and save the lessor harmless from and against any and all claims for damages or injuries to goods, wares, merchandise and property, and/or for any bodily injury or loss of life in, upon/or about the demised premises or on the sidewalks immediately adjacent to the premises, arising from any reason whatsoever, during the term of this lease. The lessee further agrees to procure and carry public liability insurance in the sum of not less than One Hundred Thousand and no/100 ($100,000.00) Dollars for injury to any one person, and the sum of not less than Two Hundred Thousand and no/100 ($200,000.00) Dollars for any injury to more than one person in one accident. And said insurance shall also contain a provision for not less than $10,000 property damage. Such insurance shall indemnify both the lessor and the lessee against any loss or claim for damages. The lessee agrees to promptly furnish the lessor with a certificate of said insurance coverage.