714 So.2d 1215 (1998)
Linda FOSTER d/b/a "Reruns" and James Foster, her husband, Appellants,
v.
William L. MATTHEWS and Catherine Matthews, Appellees.
No. 97-3148.
District Court of Appeal of Florida, Third District.
August 12, 1998.
*1216 Appel & Brown, and Anthony Brown, Miami, for appellants.
Angones, Hunter, McClure, Lynch & Williams, and Christopher Lynch, Miami, for appellees.
Before COPE, FLETCHER and SORONDO, JJ.
SORONDO, Judge.
Linda and James Foster (Foster), appeal the Final Summary Judgment entered in favor of William and Catherine Matthews (Matthews).
Foster sued Matthews (landlord) for negligence as a result of water leaking into the premises which the tenant rented from Matthews, causing Linda Foster to slip and fall and resulting in personal injury. The trial court granted the summary judgment on the grounds that paragraph 13 of the lease agreement exculpated the landlord from its own negligence. In pertinent part the paragraph at issue reads as follows:
[L]andlord shall not be liable for any damage or injury by water, which may be sustained by the tenants or other person or for any other damage or injury by water, resulting from carelessness, negligence, or improper conduct on the part of any other tenant, or agent or employees or by reason of breakage, leakage or obstruction of the water, sewer, or soil pipes or other leakage in or about said building. We agree with Foster that this exculpatory clause is unclear as to whether the intent of the parties was to exculpate the landlord from its own negligence. The Matthews concede that this paragraph is unclear and have focused their argument on the paragraph titled, "Second." This provision reads as follows:
Second: All personal property placed or moved in the premises above described shall be at risk of the lessee or owner thereof, and lessor shall not be liable for any damage to said personal property, or to the lessee arising from bursting or leaking water pipes, or from any act of negligence of any co-tenant or occupants of the building or of any other person whomsoever[.]
We find this paragraph to be equally vague on the issue of whether the landlord is exculpated for personal injuries suffered by tenants. The law is clear that although exculpatory clauses are not favored in the law, they may operate to absolve a defendant from liability arising out of his or her own negligent acts. See Ivey Plants, Inc. v. F.M.C. Corp., 282 So.2d 205 (Fla. 4th DCA 1973). For such a clause to be effective, however, it must clearly state that it releases the party from liability for its own negligence. See Southworth & McGill, P.A. v. Southern Bell Tel. & Tel. Co., 580 So.2d 628 (Fla. 1st DCA 1991)("Such clauses are enforceable only where and to the extent that the intention to be relieved was made clear and unequivocal in the contract, and the wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away"); Van Tuyn v. Zurich Am. Ins. Co., 447 So.2d 318 (Fla. 4th DCA 1984); L. Luria & Son, Inc. v. Alarmtec Int'l Corp., 384 So.2d 947 (Fla. 4th DCA 1980); Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972). The exculpatory clauses in the present case do not satisfy the clarity requirements contemplated by the case law in this area.
We reverse the Final Summary Judgment entered by the trial court and remand for trial.
FLETCHER, J., concurs.
*1217 COPE, Judge, concurring.
The two lease clauses are the same as two of the clauses construed in Meyer v. Caribbean Interiors, Inc., 435 So.2d 936 (Fla. 3d DCA 1983), where a landlord was absolved of liability for water damage to property stored in the leased premises. That result was reached by reading the exculpatory clauses together with the contract's indemnity clause, an argument which has not been made here.