MILLER *et al. v.* MAGNOLIA BUILDING & LOAN ASS'N *et al.*

(Division B. May 12, 1931.)

[134 So. 136. No. 29443.]

Wm. Hemingway, of Jackson, for appellants.

Watkins, Watkins & Eager, of Jackson, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant filed a bill in the chancery court of Hinds county, Miss., praying an injunction to restrain the Magnolia Building & Loan Association and W. H. Watkins, trustee in a deed of trust in favor of said building and loan association given by George Miller and Susie Miller, appellants herein, to secure an indebtedness due the building and loan association, which deed of trust pro-

vided that, if default was made, the property should be sold at public auction for cash before the "east front door of the county court house of the First Judicial District of Hinds county," etc. The notice for sale by the trustee after default in payment stated that the sale would take place during legal hours at the front door of the county court house in Hinds county, at Jackson, Miss. The deed of trust was given when the old county courthouse was being occupied, and the main entrance, or front door thereof, fronted east, and all public or judicial sales made at the old courthouse either by law or under contract were made at the east front door thereof. Before the deed of trust in the case at bar became in default, and before the advertisement of the sale was made, the new courthouse was built and occupied, and its main entrance faced north, the new courthouse being built upon a different lot or place, and the county officers and courts had moved into said new courthouse. The board of supervisors had passed an ordinance in reference to judicial and other sales conducted under orders of the courts, etc., stating that they should be conducted at the main entrance of the new courthouse at the new location thereof. This, of course, did not undertake to provide for contracts stipulated in deeds of trust. It does not appear that there is any east entrance into the main departments of the new courthouse, the main entrances facing north and south.

It is contended here that, the sale being advertised as it was, and the contract stipulating that the sale was to be made at the east entrance of the county courthouse, confusion would arise in the mind of bidders, and that they would fear to bid because of the rule of strict construction which is applied to sales en pais under deeds of trust, and the probability that the property would not bring the amount of the debt, and that the grantor in the deed of trust would suffer thereby and lose his property; and, perhaps, suffer judgment for the balance due.

The chancellor refused to grant the injunction prayed for, and appeal was taken from that order.

We are confronted with the purpose and meaning of the stipulation in the contract. It appears that the dominant purpose of the stipulation is to have the sale made at the courthouse, meaning the courthouse in existence at the time the sale should be conducted, and that the provision as to the east front door is a subordinate provision to the main dominant provision. It was manifestly the purpose of the parties to have the sale conducted at the courthouse, and at that part of the courthouse where similar sales were usually made, and at such part where people generally entered the courthouse for business purposes. It would be detrimental, rather than beneficial, to grantors, to have the sale conducted on the east side of the new courthouse rather than on the north side. The main entrance is where people generally enter a courthouse.

The provision as to the time and place of sale, etc., was, of course, for the benefit of both parties, but primarily for the property owner whose property is to be sold. It is designed to make the property bring as high a price as a public sale will afford; and, certainly, where people are liable to be when the sale is to be made.

We are satisfied that a sale at the north entrance complies with the intent of the contract, although it does not strictly comply with the letter in all respects. It does comply with the requirement that the sale be made at the courthouse, and, as held before, this was manifestly the dominant idea in conducting the sale. It, of course, meant a house where courts and county officers are located and do business, rather than an abandoned building which had formerly been held for court purposes and county offices, but where now no public business is ever conducted.

After full consideration, we are of opinion that the court below committed no error, and the judgment will be affirmed.

Affirmed.