McMILLIN, C.J.,
dissenting:
¶ 12. I respectfully dissent. The relationship between a bank and its depositor is that of debtor and creditor. Deposit Guaranty Nat’l Bank v. B.N. Simrall & *1181 Son, Inc., 524 So.2d 295, 300 (Miss.1987). The bank, in essence, agrees to repay the debt evidenced by the balance in the depositor’s account by disbursing funds according to orders received from the depositor that are in accord with the terms of the deposit agreement. In this case, the evidence indicates that Valley Bank agreed to disburse funds from Wise’s savings account upon receipt of a properly executed withdrawal slip. If Wise is entitled to pursue a punitive damage claim, it must be based on evidence both of a breach of the deposit contract, and a showing that the breach was so egregious as to amount to an independent tort. The trial court concluded that the evidence would not support a punitive damage claim and I agree.
¶ 13. There is, at the outset, no dispute that the bank violated the terms of its contract with Wise when it permitted the withdrawal of $1,500 from the account on a forged withdrawal slip. Under the applicable statute, the sole obligation of the bank, absent bad faith in its handling of the matter, was to make restitution. Miss. Code Ann. § 75-4-103 (Supp.2001). Restitution has been made.
¶ 14. Wise’s only remaining viable claim according to the terms of her complaint is for punitive damages. Though her complaint refers to such claims as one for intentional infliction of emotional distress, her prayer for relief asks only for “judgment ... of $1,500.00 compensatory damages and in the amount of $50,000,000.00 for punitive damages.” A claim for compensation for emotional distress is a form of actual damage. See Whitten v. Cox, 799 So.2d 1, 9-10 (¶¶ 13-14) (Miss.2000). Punitive damages are designed to punish the actor for particularly blameworthy or reprehensible conduct and to deter similar behavior in the future by the defendant and others, and are unrelated to any injury to the plaintiff. James W. Sessums Timber Co., Inc. v. McDaniel, 635 So.2d 875, 880 (Miss.1994). The two claims — one for intentional infliction of emotional distress and one for punitive damages' — though they may evoke similar considerations regarding the allegedly reprehensible nature of the defendant’s actions, are simply not the same.
¶ 15. “Punitive damages may be imposed for breach of contract where such breach is attended by intentional wrong, insult, abuse, or such gross negligence as amounts to an independent tort.” Tideway Oil Programs, Inc. v. Serio, 431 So.2d 454, 465-66 (Miss.1983). The right to have a jury consider a claim for punitive damages is always dependent upon something more than the plaintiffs bare demand. The decision as to whether the defendant’s misconduct is sufficiently egregious or offensive as to warrant submission to the jury on the question of punitive damages lies initially with the trial court. Paracelsus Health Care Corp. v. Willard, 754 So.2d 437, 442 (¶20) (Miss.1999). In this case, by granting Valley Bank’s request for summary judgment, the trial court in effect concluded that, even if every allegation of conduct on the part of bank officials as made by Wise were accepted as true, the bank’s conduct was not so egregious as to amount to an independent tort. That appears to me to be a correct assessment of the available evidence on the subject.
¶ 16. The majority contends that the claims by Wise and her daughter that a bank officer told them that there existed a videotape of the activities of the bank on the day of the alleged withdrawal that showed Wise making the transaction, if accepted as true by the jury, would support a punitive damage award. There are two instances in the record where that subject came up. First, Wise’s daughter testified that she had a telephone conversation with a bank officer on March 14 in *1182 which he represented to her that there was a videotape showing the withdrawal which he was prepared to show her, but that when she and her mother appeared in person at the bank on March 24 to try to resolve the matter, “he said that he had destroyed the tape.” Wise herself testified that she went to the bank the morning after she discovered the problem with her account and that the bank officer told her, “I can put you in that window withdrawing $1500,” to which she replied, by her own testimony, “Pull the tape and prove I’m wrong.”
¶ 17. The trial court concluded that this was insufficient to create a genuine issue as to whether the bank’s conduct in the handling of this matter was so offensive as to warrant consideration of punitive damages. Because the matter is before us on a summary judgment motion, we must review that decision de novo. Yazoo Properties v. Katz & Besthoff Number 284, Inc., 644 So.2d 429, 431 (Miss.1994). I would conclude that the evidence, even viewed in the light most favorable to Wise as the non-movant, simply did not demonstrate the sort of wilful, insulting or abusive conduct on the part of bank officials that would warrant submission of the issue of punitive damages to a jury.
¶ 18. I would affirm the judgment.
SOUTHWICK, P.J., JOINS THIS SEPARATE WRITTEN OPINION.